UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re: | Case No. 05-50011 |
|---|---|
| AZABU BUILDINGS COMPANY, LTD., | Chapter 11 |
| | Related Docket No.: 487 |
| Debtor. | |

# MEMORANDUM OPINION
# CONCERNING *IN CAMERA* REVIEW OF DOCUMENTS

## I. INTRODUCTION

This is a contested matter in bankruptcy arising from a subpoena for the production of documents. The documents in question have been submitted to the court for *in camera* review ("the *in camera* documents"). Contested matters are governed by Fed. R. Bankr. P. 9014.

The contested matter arises in a chapter 11 reorganization, which was commenced by the filing of an involuntary petition by creditors on November 10, 2005. An order for relief was entered on February 1, 2006. The debtor in possession, Azabu Buildings Company, Ltd. ("Azabu"), owns a valuable hotel property and other assets.

On November 20, 2006, the court will hold a hearing to consider a motion filed jointly by Azabu and the Official Committee of Unsecured Creditors ("the

Committee") to establish procedures for the sale of Azabu's assets ("the Joint Motion"). The Joint Motion is opposed by Beecher Limited ("Beecher"), one of the petitioning creditors and a potential purchaser of the property to be sold.

Beecher seeks production of the *in camera* documents provided by the Committee's counsel to Peter S. Fishman, who will provide expert testimony in support of the Joint Motion. Fishman is also a director of Houlihan Lokey Howard & Zukin ("HLHZ"), the court appointed financial advisor to the Committee. Therefore, Fishman serves the Committee in two capacities, as a consultant and as an expert witness.

Beecher's request for production of the *in camera* documents is opposed by the Committee. Discovery issues related to the Joint Motion have been substantially resolved by an October 27, 2006, order (Dkt. no. 539) of Bankruptcy Judge Robert J. Faris ("the Order"). However, the Order does not determine whether or not the *in camera* documents must be produced by the Committee and given to Beecher. Pursuant to the Order, the undersigned has conducted an *in camera* review of the three documents in question. No hearing has been held, but letter briefs to Judge Faris concerning the subject documents have been considered.

2

U.S. Bankruptcy Court - Hawaii   #05-50011   Dkt # 548   Filed 11/06/06   Page 2 of 7

Judge Faris' October 27, 2006, Order has determined that "The *attorney-client* privilege has been waived solely as to all documents disclosed by the committee or its counsel to HLHZ (including Peter S. Fishman) until the date that Mr. Fishman last testifies in connection with the Bid Procedures Motion." ( Dkt. No. 539, p.2, ¶ 1. a. ii) ) This provision does not apply to the *in camera* documents.

The same order, at ¶ 1. a. vi), deals with this *in camera* inspection: "Bankruptcy Judge Lloyd King shall conduct an *in camera* review of the three documents so designated by the Committee, for the purpose of determining whether and under what limitations the documents should be produced to Beecher."

The documents under *in camera* review are: (1) the initial draft of a memorandum from counsel to the Committee concerning a possible procedure for sale of the hotel property; (2) the same document, with proposed changes proposed by Fishman; and (3) the final version of the document, which incorporates the Fishman changes. Fishman's changes are largely stylistic and appear in the first three pages of the 20 page document. Those three pages are the Introduction. Fishman did not propose any changes to counsel's legal analysis, conclusions, or advice to the Committee.

3

The Committee consists of five entities. On August 21, 2006, the final version of the memorandum from counsel for the Committee to the Committee members and their professionals was distributed, by e-mail. In all, there were 35 addressees. Some of the addressees are attorneys for petitioning creditors, who are members of the Committee. Beecher is not a Committee member, but an attorney in the law firm that represents Beecher is an addressee of the memorandum, as counsel for another petitioning creditor. It is assumed that the law firm has established an internal procedure to prevent sensitive Committee matters from being disclosed to attorneys working for Beecher.

In a September 28, 2006, declaration attached to and in support of the Joint Motion, Fishman states that he believes that the procedures proposed for sale of Azabu's assets are justified by "all of the facts and circumstances in this case."

The Committee filed a later declaration, dated October 11, 2006, by Fishman. That declaration supports the Committee's opposition to production. In paragraph 5. e. of the October 11 declaration, Fishman states that, in forming the opinions related to his expert testimony, he did not consider any attorney-client privileged communications from the Committee's counsel to the Committee. That statement would include the three documents submitted by the Committee for *in camera* review.

4

U.S. Bankruptcy Court - Hawaii   #05-50011   Dkt # 548   Filed 11/06/06   Page 4 of 7

## II. ISSUE

Are the *in camera* documents protected from disclosure to Beecher by the attorney-client privilege, because they were drafted by counsel for the Committee and submitted to Fishman in his capacity as consultant to the Committee, or must the documents be provided to Beecher because of Fishman's role as an expert witness for the Committee?

## III. DISCUSSION

The *in camera* documents should be produced to Beecher, pursuant to its subpoena for production.

Fishman is giving expert testimony in support of a proposed procedure for sale of Azabu's asset, as set forth in the Joint Motion. Fishman's declaration stating that he did not consider the *in camera* documents in forming his expert opinions is insufficient to preserve the Committee's attorney-client privilege as to those documents.

Beecher and the court are entitled to know of alternative sales procedures considered by Fishman in his dual role as the Committee's consultant/expert. Consideration of alternatives could actually increase the weight to be given to Fishman's expert testimony in support of the Joint Motion. Whether the alternate sales procedure considered in the *in camera* documents was never formally

U.S. Bankruptcy Court - Hawaii   #05-50011   Dkt # 548   Filed 11/06/06   Page 5 of 7

presented to the court is irrelevant.

Although the Committee is to be ordered to produce the *in camera* documents, it should be noted that two arguments advanced by Beecher are not being adopted.

First, Beecher has made much of Fishman's statement in his September 28, 2006, declaration, that in forming his expert opinion, he has relied upon all of the facts and circumstances in this case. That language is common boiler-plate in the testimony of valuation experts, and it would not be proper to ambush the Committee on the basis of Fishman's use of such conventional verbiage.

Second, the parties have discussed whether or not the expert testimony disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B) require production of the *in camera* documents. However, in 2004, Fed. R. Bankr. P. 9014(c) was amended. The amendments make many of the disclosure requirements of Rule 26(a) inapplicable to contested matters in bankruptcy. The disclosures regarding expert testimony contained in Rule 26(a)(2) "shall not apply in a contested matter unless the court directs otherwise . . . ." The court has not directed "otherwise", either by an order in the Azabu chapter 11 case or by local rule.

U.S. Bankruptcy Court - Hawaii #05-50011 Dkt # 548 Filed 11/06/06 Page 6 of 7

## IV. CONCLUSION

There is no attorney-privilege covering the *in camera* documents. Any privilege that may have existed when the documents were originally given to Fishman has been waived by his subsequent role as an expert witness. The subject documents concern a sales procedure that differs from the one proposed by the Joint Motion. Fishman was aware of that alternative sales procedure when preparing his expert testimony. Furthermore, Fishman not only received the documents, he participated in drafting the final version.

An order will be entered for production to Beecher's counsel of the three *in camera* documents. The parties have filed two confidentiality stipulations. Production will be subject to the confidentiality stipulation filed on October 12, 2006, only. (Dkt. no. 515)

Dated: Honolulu, Hawaii, NOV 6 2006.

Lloyd King
U.S. Bankruptcy Judge

7

U.S. Bankruptcy Court - Hawaii   #05-50011   Dkt # 548   Filed 11/06/06   Page 7 of 7