UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 05-50011 |
|---|---|
| AZABU BUILDINGS COMPANY LTD., aka AZABU TATEMONO K.K. | Chapter 11 |
| | Re: Docket No. 688 |
| Debtor. | |

**MEMORANDUM OF DECISION ON
MOTION TO UNSEAL DOCUMENTS**

Based on the Ex Parte Motion of the Official Committee of Unsecured Creditors to (1) Vacate Order Sealing Documents and (2) Authorize any Party in Interest to Publicly File the Basic Agreement and Related Documents, filed on January 31, 2007 (Docket No. 688), and the papers filed in support thereof and in opposition thereto, it appears that the motion to seal certain documents (Docket No. 683) was improvidently granted.

In 1996, the debtor, The Chuo Mitsui Trust & Banking Co., Ltd. ("CMTB"), and related entities entered into a settlement agreement, called the "Basic Agreement." Among the parties to the Basic Agreement were Waikiki First Finance Corp. and Waikiki SF Corp. (the "Waikiki Entities"), apparently affiliates of CMTB at that time which now hold mortgages on the debtor's real estate. The
05-50011 AZABU unsealing.wpd

Basic Agreement was executed to settle hotly contested foreclosure litigation in state court. The state court filed it under seal.

The Waikiki Entities and CMTB argue that the Basic Agreement should be sealed because (1) it contains a confidentiality provision, (2) comity requires that this court follow the state court's lead and maintain the secrecy of the document, and (3) public access to the Basic Agreement might expose the parties to adverse publicity, jeopardize CMTB's and the Waikiki Entities' relations with customers, and allow others to assess CMTB's and the Waikiki Entities' tolerance for litigation.

With two narrow exceptions, neither of which applies here,[1] there is a strong presumption in favor of access to judicial records. <u>Kamakana v. City and County of Honolulu</u>, 447 F.2d 1172, 1178 (9th Cir. 2006).

In order to justify sealing "dispositive pleadings," the party seeking secrecy must "articulate compelling reasons" to rebut the presumption of public access. Such records may not be sealed based on "hypothesis or conjecture." <u>Id</u>.

The same standard applies even if the documents were previously filed under seal or are subject to a protective order. "The 'compelling reasons'

---

[1] The exceptions are "grand jury transcripts and warrant material in the midst of a pre-indictment investigation." <u>Kamakana</u>, 447 F.3d at 1178.

standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." Id. at 1179.

A somewhat lower standard applies to sealed discovery documents attached to a non-dispositive motion. In that situation, a showing of "good cause" suffices. Id. The lower standard applies because "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." Id. (internal quotation marks omitted).

The distinction between dispositive and non-dispositive motions is more difficult to draw in bankruptcy cases than in ordinary civil litigation. The underlying motion in this case belongs in the category of dispositive motions. The Waikiki Entities have filed a motion seeking allowance of their secured claims, the alleged amount of which is in the vicinity of $325,000,000, and confirmation of their right to "credit bid" those claims. A motion for the allowance or disallowance of a claim seeks a "dispositive" determination of the claimant's rights against the bankruptcy estate.

The Waikiki Entities and CMTB have failed to carry their burden of showing compelling reasons to seal the Basic Agreement and its attachments.

The existence of a contractual confidentiality provision, standing

alone, cannot constitute a "compelling reason." By enforcing such a provision without additional justification, the court would abdicate to the parties its duty to preserve public access to judicial records.

Comity is also insufficient. The Ninth Circuit has made it clear that the compelling reasons test must be met even if the documents were previously sealed or placed under a protective order. Further, the record of this case does not disclose the legal standard under which the state court sealed the documents. This court has an independent obligation to protect public access to its records under applicable federal law; deferring to a state court's decision under state law is not required.

The harms which CMTB and the Waikiki Entities claim they would suffer if the Basic Agreement were made public are hypothetical and speculative. There are no "trade secrets" or confidential commercial information in Basic Agreement. The fact that CMTB and its affiliates were willing to settle a case on certain terms a decade ago would tell others next to nothing about their willingness to litigate or settle today (particularly since it appears that CMTB no longer owns or controls the Waikiki Entities). Similarly, the fact that CMTB received negative publicity over ten years ago when it became known that CMTB had made huge, uncollectible loans does not imply that CMTB will receive any

significant additional negative publicity today due to the disclosure of the terms of the Basic Agreement.

For these reasons, a separate order granting the motion will be entered.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 02/07/2007

5

05-50011 AZABU unsealing.wpd

U.S. Bankruptcy Court - Hawaii   #05-50011   Dkt # 712   Filed 02/07/07   Page 5 of 5