WAGNER CHOI & EVERS

JAMES A. WAGNER
CHUCK C. CHOI
JAMES F. EVERS
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
Email: wcelaw@wcelaw.com

Attorneys for Debtor and
Debtor-in-Possession
AZABU BUILDINGS COMPANY, LTD.

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| In re<br><br>AZABU BUILDINGS COMPANY, LTD., aka AZABU TATEMONO K.K.,<br><br>   Debtor and<br>   Debtor-in-possession | Case No. 05-50011<br>(Chapter 11)<br><br><br>Date: April 23, 2007<br>Time: 9: 30 a.m.<br>Judge: Hon. Robert J. Faris |

**DEBTOR'S MOTION FOR ORDER
AUTHORIZING FORMATION OF SUBSEQUENT FILING ENTITIES
AND APPROVING RELATED TRANSACTIONS; EXHIBITS "A"- "G"**

AZABU BUILDINGS COMPANY, LTD., debtor and debtor in

possession herein (the "Debtor"), by and through its undersigned counsel, and

pursuant to 11 U.S.C. §§ 105(a), 363, and Federal Rule of Bankruptcy Procedure 6004, and LBR 6004-1, seeks entry of an order authorizing the Debtor to: (a) form two wholly owned U.S. subsidiaries ("FF&E Subsidiary" and "NEWCO"), and (b) enter into the "FF&E Sale" as generally described in the First Amended Joint Chapter 11 Plan of Reorganization for the Debtor and Subsequent Filing Entities Dated as of March 16, 2007 ("Motion"). In support of the Motion, the Debtor respectfully represents as follows:

## BACKGROUND

1. This case was commenced under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") by the filing of an involuntary petition against the Debtor on November 10, 2005 pursuant to Section 303 of the Bankruptcy Code by certain creditors in the United States Bankruptcy Court for the District of Hawaii ("Court").

2. On February 1, 2007, the Debtor consented to the entry of an order for relief under chapter 11 of the Bankruptcy Code, and an order for relief was entered.

3. The Debtor continues to operate its business as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

58442

5. On February 13, 2006, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in this case, which consists of Wac, F4PI Investments, LLC, JLQ, LLC, Nippon Loans, LLC, and The Resolution and Collection Corp.

6. The Debtor's major asset is the leasehold interests in the 1234-room Hyatt Regency Waikiki Resort & Spa ("Hotel"), which is located on Kalakaua Avenue in Waikiki. The Hyatt Corporation ("Hyatt") manages the Hotel pursuant to a Management Agreement dated as of May 3, 1974, as amended.

7. The Debtor also owns all of the outstanding stock of Azabu U.S.A. Corporation ("AUSA"), a Hawaii corporation. AUSA owns the leasehold interest in the King's Village Shopping Center ("King's Village"), which is located directly across the street on the mountain side of the Hotel, on the corner of Koa and Kaiulani Avenue. AUSA also owns leasehold and fee interests, respectively, in smaller parcels of real property of approximately 4,538 and 4,125 square feet, respectively (the "Related Parcels"). The Related Parcels are located adjacent to the King's Village and are used for Hotel and King's Village parking, respectively. AUSA also owns a fee interest in an approximately 8,625 square foot parcel of undeveloped land in Kona, on the island of Hawaii ("Kona Parcel"). Finally,

58442

AUSA has approximately $15.9 million in cash, exclusive of tenant security deposits.[1]

8.  On September 29, 2006, the Debtor and the Committee filed their Joint Motion Requesting Entry of an Order on an Expedited Basis: (1) Approving Certain Bidding Procedures Relating to Sponsoring a Plan of Reorganization, Including Form of Non-Disclosure Agreement; (2) Authorizing Hyatt Corporation as Stalking Horse Bidder and Approving Payment of Break-Up Fee; and (3) Scheduling Auction and Hearing on Proposed Disclosure Statement (the "Bid Procedures Motion") seeking approval of a term sheet among the Debtor, the Committee and Hyatt which, among other things, provides for Hyatt to be the stalking horse bidder to acquire the stock of the reorganized Debtor, including the Debtor's leasehold interest in the Hotel and AUSA's leasehold interest in King's Village and the Related Parcels (but excluding AUSA's cash and the Kona Parcel) for $445 million, subject to overbid.

9.  On December 7, 2006, the Court entered an order granting the Bid Procedures Motion and approved Hyatt as the stalking horse bidder.

---

[1] AUSA is one of the three "Subsequent Filing Entities" identified in the Joint Plan. The FF&E Subsidiary and "NEWCO," a U.S. subsidiary to be formed by the Debtor to domesticate the reorganized Debtor into a U.S. entity, are the other two Subsequent Filing Entities. As required under the Joint Plan, AUSA filed a voluntary petition under chapter 11 of the Bankruptcy Code in this Court on March 15, 2007.

10. On February 9, 2007, the Debtor filed: (a) a Notice of Break-Up Fee Eligibility Event confirming that the Debtor and Hyatt had agreed to the form of the Acquisition Agreement and Plan of Reorganization, and (b) a proposed Joint Plan of Reorganization and Disclosure Statement, both dated as of February 9, 2007.

11. The Debtor did not receive any qualified overbids before the bid deadline of March 6, 2007. On March 14, 2007, the Court held a hearing regarding the auction and entered the "Buyer Selection Order" confirming Hyatt as the high bidder.

12. The Debtor and Committee (together, the "Plan Proponents") have filed their First Amended Disclosure Statement dated March 16, 2007 (the "Disclosure Statement"), accompanying the First Amended Joint Chapter 11 Plan of Reorganization for the Debtor and Subsequent Filing Entities Dated as of March 16, 2007 (the "Joint Plan").

13. On March 22, 2007, the Court entered its Order Approving Disclosure Statement to Accompany Debtor's And Official Committee Of Unsecured Creditors' Joint Chapter 11 Plan Of Reorganization For Azabu Buildings Company, Ltd., a.k.a. Azabu Tatemono K.K. and Subsequent Filing Entities ("Disclosure Statement Order"). The Debtor has mailed the Disclosure Statement Order, the Disclosure Statement and Joint Plan, notice of the

58442

confirmation hearing and, where applicable, ballots, to creditors of the Debtor and AUSA, and to parties in interest.

14. The confirmation hearing is scheduled for May 3, 2007.

15. The Joint Plan calls for all of the Hotel furniture, fixtures and equipment ("FF&E") to be transferred by the Debtor to its newly-formed U.S. subsidiary, "FF&E Subsidiary", in a fully-taxable "FF&E Sale" pursuant to an "FF&E Order."

16. The Joint Plan provides: "before the Confirmation Date (the date the Confirmation Order is entered), the Debtor shall seek and obtain the entry of the FF&E Order and shall conduct the FF&E Sale pursuant to the FF&E Order." *See* Joint Plan at.64, § 5.1.1(4).

17. Under the Joint Plan, the FF&E Sale:

> means the following events which shall be authorized by the FF&E Order: (i) the formation of FF&E Subsidiary, and (ii) in a series of related transactions that taken together do not constitute a transaction to which Code Section 351(a) applies and instead are fully taxable to Debtor under Code Section 1001, (A) Debtor shall transfer the FF&E to the FF&E Subsidiary in exchange for 100% of its common stock and the FF&E Subsidiary Note secured by a Lien on the FF&E Subsidiary Note Collateral, (B) Debtor shall lease the FF&E back from FF&E Subsidiary; (C) the existing Liens on the FF&E at the time of the sale, if any, shall attach to the FF&E Subsidiary Note and the Debtor's Lien on the FF&E Subsidiary Note Collateral, with the same validity, priority, force and effect as such existing Liens on the FF&E, if any, had on the FF&E; (D) as part of the same transaction and pursuant to the same agreement, an entity

> which shall be mutually acceptable to the Buyer, the Debtor and the Committee shall be issued 500 shares of FF&E Subsidiary Preferred Stock with an aggregate liquidation preference of $500,000 in satisfaction of $500,000 of fees to which it is entitled for services rendered or to be rendered or to be rendered under a service contract with the Debtor.

*See* Joint Plan at 17, § 1.81, and at 66, § 5.3.

19. Waikiki First Finance Corp. and Waikiki S.F. Corp. (together, the "Waikiki Entities"), assert that they hold a first priority and second priority security interest, respectively, in the Hotel FF&E. The Plan Proponents have filed an objection to claim and counterclaims, which commenced an adversary proceeding before this Court, in which they seek, *inter alia*, equitable subordination of the alleged secured claims of the Waikiki Entities, Adv. Pro. No. 07-90008 (the "Adversary Proceeding"). The Debtor is making monthly adequate protection payments to the Waikiki Entities on the $330 million in total principal loans that is allegedly due and owing to them and proposes to adequately protect any security interest the Waikiki Entities may have in the Hotel FF&E by allowing the Waikiki Entities' alleged security interests to attach to the proceeds thereof.

19. As contemplated by the Joint Plan, such liens as the Waikiki Entities may have on the FF&E shall be transferred pursuant to this Motion to replacement liens on the common stock in the FF&E Subsidiary and the FF&E Subsidiary Note (defined below), and such liens will be subsequently transferred to the Plan Note (as defined in the Joint Plan).

## RELIEF REQUESTED AND BASIS

20. The Debtor requests authority to: (a) form FF&E Subsidiary and NEWCO pursuant to certificates of incorporation substantially in the form attached hereto; (b) transfer the FF&E free and clear of liens and encumbrances to FF&E Subsidiary (with such existing liens the Waikiki Entities may have on the FF&E to attach to the common stock in the FF&E Subsidiary and the "FF&E Subsidiary Note" as well as the Debtor's lien on the "FF&E Subsidiary Note Collateral," with the same validity, priority, force and effect as such existing liens have on the FF&E); and (c) lease back the FF&E from FF&E Subsidiary, pursuant to the transactional documents substantially in the form attached hereto.

21. The Debtor has retained Desmond, Marcello & Amster as FF&E Appraiser. A fair market valuation of the FF&E (i.e., the purchase and sale price for the FF&E) is anticipated to be completed around the end of April 2007. It is anticipated that the valuation of the FF&E will be used to establish the purchase and sale price for the FF&E, and the purchase and sale price for the FF&E will be used to establish the terms of the sale-leaseback.

22. The Plan Proponents and Hyatt have agreed upon the draft forms of the transactional documents for the formation of FF&E Subsidiary and NEWCO, and the FF&E Sale as follows: (a) an Asset Purchase Agreement (between the Debtor as seller and FF&E Subsidiary as buyer); (b) an FF&E Asset Lease Agreement (between FF&E Subsidiary as lessor and the Debtor as lessee);

58442

(c) a Security Agreement between the Debtor as secured party and FF&E Subsidiary as debtor); (d) a Secured Promissory Note (between the Debtor as payee and FF&E Subsidiary as payor); and (e) a Preferred Stock Purchase Agreement (between FF&E Subsidiary as issuer and seller and Hyatt as purchaser. These documents are attached hereto as Exhibits "A" through "E." Also attached hereto as Exhibits "F" and "G" are the proposed Certificates of Incorporation for FF&E Subsidiary and NEWCO. In addition, to Exhibits "A" through "G", the Debtor and FF&E Subsidiary will enter into a form of Stipulated Foreclosure Judgment, the form of which will be submitted prior to the hearing on the Motion.

23. Section 363 of the Bankruptcy Code, authorizes the Debtor to sell property, after notice and hearing, free and clear of liens, if any one of the five requirements of section 363(f) is met.

24. Section 363(f) provides that:

> The Trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if – (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

9
58442

25. If any one of the five subsections of Section 363(f) is satisfied and the allegedly secured creditor is adequately protected under Section 363(e), a sale free and clear of liens should be authorized. Citicorp Homeowner Services, Inc. v. Elliott (In re Elliott), 94 B.R. 343, 345 (E.D. Pa. 1988). The proposed sale satisfies subsection 363(f)(3), (f)(4) and (f)(5).

26. The Waikiki Entities will have a replacement lien on the stock of the FF&E Subsidiary and the FF&E Subsidiary Note (which note is secured by a lien on the FF&E). The amount of the FF&E Subsidiary Note will be based upon the fair market value of the FF&E. A sale of the FF&E at fair market value, coupled with a lien on the stock of the FF&E Subsidiary, satisfies the requirement of section 363(f)(3).

27. In addition, because the purchase price being paid by Hyatt for the equity in NEWCO (the entity into which the Debtor will be domesticated) greatly exceeds the $330 million that is allegedly due and owing to the Waikiki Entities and their liens, if valid, will ultimately attach to the proceeds[2] which exceed their alleged secured claims, the sale satisfies section 363(f)(3), even though the sales of the assets in which the Waikiki Entities' assert a security interest will not occur simultaneously. In the interim, the Waikiki Entities are

---

[3] The liens granted to the Waikiki Entities in the stock of the FF&E Subsidiary and the FF&E Subusidary Note will, under the Joint Plan, be transferred to the Plan Note, When the Plan Note is paid concurrent with the closing of the sale to Hyatt, the liens granted to the Waikiki Entities will transfer to such proceeds.

58442

adequately protected under sections 361 and 363(e) by both the replacement liens they will be granted and the continuation of adequate protection payments pending the confirmation hearing.

28. As evidenced by the Adversary Proceeding, the allegedly secured claims of the Waikiki Entities are subject to a bona fide dispute within the meaning of section 363(f)(4).

29. Moreover, if the Waikiki Entities had an allowed secured claim, they could be compelled to accept a money satisfaction of their interests within the meaning of section 363(f)(5).

30. Consequently, the Court may authorize the sale of the Hotel FF&E free and clear of liens and encumbrances to FF&E Subsidiary with the liens of the Waikiki Entities to attach to the Debtor's interest in the stock of the FF&E Subsidiary, the FF&E Subsidiary Note and FF&E Subsidiary Note Collateral.

WHEREFORE, the Debtor prays that the Court enter an order: (a) granting the Motion; and (b) granting such other relief as the Court deems fair and just.

DATED: Honolulu, Hawaii, March 26, 2007

/s/ Chuck C. Choi
JAMES A. WAGNER
CHUCK C. CHOI
Attorneys for Debtor and
Debtor in Possession

58442

11