Attorney or Party Name, Address, Phone, Fax, Email:
STUTMAN, TREISTER & GLATT PC
JEFFREY C. KRAUSE
GEORGE C. WEBSTER, II
ERIC D. WINSTON
H. ALEXANDER FISCH
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

WATANABE, ING & KOMEIJI
WAYNE K.T. MAU
First Hawaiian Center
999 Bishop Street, Ste. 2300
Honolulu, HI 96813

WAGNER CHOI & EVERS
JAMES A. WAGNER
CHUCK C. CHOI
745 Fort Street, Ste 1900
Honolulu, HI 96813

For court use only

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII

Debtor: Azabu Buildings Co., Ltd.
and, if any,
Joint Debtor:

Case No. 05-50011
Chapter 7
Hearing Date: **January 14, 2008**
Time: **10:30 a.m.**

## OBJECTION TO CLAIM (NO. 1 )

Objecting party: The Azabu Liquidating Trst

Objection is made to the following claim under Fed. R. Bankr. P. 3007. As filed, the claim states:

| Claim No. | Claimant | Amount | | |
|---|---|---|---|---|
| | | Secured | Priority | Unsecured |
| 1 | Internal Revenue Service | $ | $ 58,472 | $ |

The objecting party asserts that the claim should be: **Treated as explained in memorandum.**

If not disallowed in its entirety, the claim should be allowed in the following amounts.

| Secured | Priority | Unsecured |
|---|---|---|
| $ | $ | $ |

A statement supporting the objection is attached. The undersigned will obtain a hearing date and serve these papers together with a notice of the objection on the claimant, any additional parties as required under the Bankruptcy Code and Rules and, if not the objecting party, the debtor, the debtor's attorney and the trustee. A separate certificate of service will be filed promptly with the court.

Dated: October 26, 2007

H. Alexander Fisch
Objecting Party or Attorney

hib_3007-1    9/03

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>AZABU BUILDINGS COMPANY LTD., aka AZABU TATEMONO K.K.<br><br>    Debtor. | ) Case No. 05-50011 (RJF)<br>)<br>) (Chapter 11)<br>)<br>)<br>)<br>)<br>)   Status Conference:<br>)<br>) DATE: January 14, 2008<br>) TIME: 10:30 a.m.<br>) JUDGE: Honorable Robert J. Faris<br>)<br>) |

## OBJECTION OF THE AZABU LIQUIDATING TRUST TO CLAIM NO. 1 AND IRS JAPANESE CASE PROOF OF CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES

  The AZABU Liquidating Trust (the "Trust"), by Alvarez & Marsal North America, LLC, as Trustee of the Trust (the "Trustee"), hereby files this Objection Of The AZABU Liquidating Trust To Claim No. 1 And IRS Japanese Case Proof Of Claim (the "Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Objection, the Trust respectfully represents as follows:

## JURISDICTION

  This Court has jurisdiction over the subject matter of this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409. The instant proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court possesses the requisite authority to grant the relief requested herein pursuant to sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007.

## RELIEF REQUESTED

By this Objection, the Trust, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007, hereby objects to the claim asserted by the Internal Revenue Service (the "IRS") in proof of claim number 1 as reflected in the Court's registry of claims ("Claim No. 1") and the proof of claim filed on behalf of the IRS in the Japanese Case[1] (the "IRS Japanese Claim") and requests that the Court enter an order disallowing, expunging, and/or reducing Claim No. 1 and the IRS Japanese Claim, as set forth herein.

## BACKGROUND

### A. The Chapter 11 Filing.

This case was commenced under chapter 11 of the Bankruptcy Code by the filing of an involuntary petition against the Debtor on November 10, 2005 pursuant to section 303 of the Bankruptcy Code. On February 1, 2006, the Debtor consented to the entry of an order for relief under chapter 11, and an order for relief was entered. The Debtor continues to operate its business as debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

### B. The Confirmed Plan of Reorganization and the Creation of the AZABU Liquidating Trust.

Pursuant to the Confirmation Order entered June 28, 2007, "all Estate Causes of Action shall be AZABU Trust Assets and the Liquidating Trustee . . . shall have the full power and authority to prosecute, compromise or otherwise resolve any and all such Estate Causes of Action, with all recoveries derived therefrom to be

---

[1] The Japanese Case is that case concerning Azabu Buildings Company, Ltd., filed in the Tokyo District Court on June 25, 2007, as described and defined in the "Order Confirming Debtor's and Official Committee of Unsecured Creditor's Second Amended Joint Chapter 11 Plan of Reorganization for Azabu Buildings Company, Ltd., a.k.a. Azabu Tatemono K.K. and Subsequent Filing Entities as of April 23, 2007" (the "Confirmation Order"). Capitalized terms not otherwise defined herein shall have the meaning set forth in the Confirmation Order.

AZABU Trust Assets[,]" Confirmation Order, ¶ 49, and "the Liquidating Trustee, as the Estate Representative, shall have authority to investigate, administer, monitor, implement, litigate and settle all Disputed or unresolved Claims . . . ." *Id.* at ¶ 50.

The First Confirmation Implementation Date occurred on July 10, 2007. On the First Confirmation Implementation Date, pursuant to the Confirmation Order and Section 5.7 of the Plan, the Trust was formed. On that date, the Trust engaged Alvarez & Marsal North America, LLC to serve as the Trustee. Also on the First Confirmation Implementation Date pursuant to the Confirmation Order and Plan, the Trustee executed the AZABU Liquidating Trust Agreement and the Debtor commenced transferring the Excluded Assets to the Trust. Pursuant to the Confirmation Order, Plan and AZABU Liquidating Trust Agreement, the Official Committee of Unsecured Creditors continues to serve as the AZABU Liquidating Trust Committee.

### C. The Commencement of the Japanese Case.

Pursuant to this Court's oral ruling at the Confirmation Hearing, and consistent with paragraph 21 of the Confirmation Order, the Debtor filed the Japanese Case on June 25, 2007. An order formally commencing the Japanese Case (the "Commencement Order") was entered by the Tokyo District Court on August 1, 2007, and Mr. Eiji Katayama was appointed as trustee in the Japanese Case.

### D. Claims Filed In The U.S. Case.

Shortly after the entry of an order for relief, the Debtor filed its "Summary of Schedules and Statement of Financial Affairs" (the "Schedules") pursuant to Bankruptcy Code section 521(1), based upon its books and records as of the Petition Date. The Schedules list fifty-one non-priority unsecured claims against the Debtor, forty-seven of which were listed as disputed. The Debtor later amended its Schedules to add fourteen non-priority unsecured claims, each of which was listed as disputed.

On February 2, 2006, the Clerk of the Court entered the "Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines[,]" which set June 4, 2006 (the "Bar Date") as the deadline for creditors other than governmental units to file proofs of claim in this case. Parties in interest filed forty proofs of claim against the Debtor, not including amendments and superseding proofs of claim. Pursuant to this Court's "Order Granting Debtor's Motion for Order Setting Supplemental Bar Date[,]" the Bar Date for those certain creditors who were added to the Debtor's schedules was extended to August 7, 2006.

### E. Claims Filed in the Japanese Case.

To facilitate coordination of the Chapter 11 Case and the Japanese Case, the Confirmation Order provides, in pertinent part, as follows:

> Notwithstanding any bar date set by the Bankruptcy Court to the contrary, all Japanese Case Claims shall be deemed to be timely Filed in the Chapter 11 Case and the holders thereof shall receive treatment on account of such Claims, to the extent they are or become Allowed Claims, in accordance with the provisions of the Plan.

Confirmation Order, ¶ 24. The Plan similarly provides as follows:

> Notwithstanding any bar date set by the Bankruptcy Court to the contrary, all timely Filed Japanese Case Claims shall be deemed to be timely filed in the Chapter 11 Case and the holders thereof shall receive treatment on account of such Claim, to the extent they are Allowed Claims, in accordance with the provisions of the Plan. All Claims timely Filed in the Japanese Case will be allowed or disallowed and treated under the Plan as if timely Filed in the Chapter 11 Case.

Plan, Section 5.4.4.

Pursuant to the Commencement Order, the last date to file claims in the Japanese Case was September 3, 2007 (the "Japanese Case Bar Date"). Prior to the Japanese Case Bar Date, Mr. Eiji Katayama, the trustee appointed in the Japanese Case, informed the Debtor and the Trust that only claims actually filed in the Japanese Case would be entitled to vote on the Japanese Plan. The Debtor agreed to file claims

in the Japanese Case on behalf of creditors who filed proofs of claim in the Chapter 11 Case, but had not filed proofs of claim in the Japanese Case. Thirty-six claims were filed in the Japanese Case, both by creditors and by the Debtor on behalf of creditors, including two claims that had not been previously filed in the Chapter 11 Case. Several of the proofs of claim filed in the Japanese Case include late charges that accrued after the Petition Date for the Chapter 11 Case.

F. **The Trust's Investigation.**

Over the last several months, the U.S. and Japan counsel for the estate have investigated the claims asserted against the Debtor.[2] This investigation by U.S. and Japanese counsel has included reviewing the Debtor's books and records, the proofs of claim submitted in the Chapter 11 Case and the Japanese Case, and the documents submitted in connection with the proofs of claim.

G. **Analysis of the Claim No. 1.**

Based upon the investigation described above, the Debtor's and the Trust's review of the Debtor's books and records, Claim No. 1, and additional documents submitted by creditors, as applicable, the Trust submits that the IRS does not assert any claim, and the Debtor's books and records do not reflect any obligation owing to the IRS.

## ARGUMENT

Bankruptcy Code section 502 authorizes a party in interest to object to claims. See 11 U.S.C. § 502. As set forth above, the Trustee has authority to

---

[2] Prior to the confirmation of the Plan, Japan and U.S. counsel for the Debtor, Wagner Choi & Evers and Bingham McCutchen Murase, Sakai Mimura Aizawa, Foreign Law Joint Enterprise, as well as Japanese and U.S. counsel for the Committee and now the Trust, Stutman, Treister & Glatt Professional Corporation and Kajitani Law Offices, have investigated the bona fides of claims under both Japanese and U.S. law, as well as attempted to coordinate the claims resolution procedure in the Chapter 11 Case and the Japanese Case.

prosecute objections to claims on behalf of the Trust. Upon an objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell), 223 F.3d 1035, 1039 (9th Cir. 2000); see also Murgillo v. California State Bd. of Equalization (In re Murgillo), 176 B.R. 524, 529 (B.A.P. 9th Cir. 1995) ("The ultimate burden of persuasion is on the claimant.").

Section 502(b) provides a number of grounds on which a proof of claim may be disallowed. For the reasons set forth below, valid objections exist with respect to Claim No. 1. The objections raised herein, however, may not be all of the objections applicable to Claim No. 1 and the Trust reserves the right to bring such additional objections as it may determine are appropriate. See Bankruptcy Code § 502(j).

### A. Claimant Has Failed to Satisfy Its Burden of Proof That the Claim Is Valid.

Bankruptcy Rule 3001(c) provides, in pertinent part that, "[w]hen a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Fed. R. Bank. P. 3001(c). Moreover, Bankruptcy Rule 3001(a) provides, in pertinent part, that "[a] proof of claim shall conform substantially to the appropriate Official Form," Fed. R. Bank. P. 3001(a), which Official Form in turn requires claimants to "[a]ttach copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of these documents." Official Bankruptcy Forms, Form 10, Item 9. A proof of claim that does not comply with Rule 3001(c) "is not entitled to be

U.S. Bankruptcy Court - Hawaii  #05-50011  Dkt # 1492  Filed 10/26/07  Page 7 of 10
465247v1                                              7

considered as *prima facie* evidence of the claim's validity." <u>Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)</u>, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), <u>aff'd</u>, 91 F.3d 151 (9th Cir. 1996); <u>accord, e.g.</u>, <u>In re Immerfall</u>, 216 B.R. 269, 272 (Bankr. D. Minn. 1998).

The Bankruptcy Appellate Panel for the Ninth Circuit explained a claimant's burden to present facts to support its claim as follows:

> [T]he claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

<u>In re Consolidated Pioneer Mortg.</u>, 178 B.R. at 226 (quoting <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173-74 (3d Cir. 1992) (citations omitted)). Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability,' the claim is not prima facie valid." <u>In re Hongnisto</u>, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting <u>In re Consolidated Pioneer Mortg.</u>), 178 B.R. at 226) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim). <u>See also In re Consolidated Pioneer Mortg.</u>, 178 B.R. at 227 (disallowing the claim because the proof of claim did not allege sufficient facts to support it).

On July 30, 2007, the IRS amended Claim No. 1 to assert $0. The IRS has not submitted evidence that it holds any claim against the Debtor, and does not assert that it is owed any amount. Azabu's books and records do not establish any liability to the IRS as of the Petition Date. Accordingly, Claim No. 1 is not allowable under section 502 of the Bankruptcy Code. The Trust respectfully requests that this Court enter an order disallowing both Claim No. 1 and the IRS Japanese Claim.

U.S. Bankruptcy Court - Hawaii   #05-50011   Dkt # 1492   Filed 10/26/07   Page 8 of 10
465247v1
8

### B. Claim No. 1 and the Corresponding Proof of Claim Filed on Behalf of the IRS in the Japanese Case Are Duplicative.

As set forth above, pursuant to Paragraph 24 of the Confirmation Order and Section 5.4.4 of the Plan, claims timely filed in the Japanese Case are deemed timely filed in the Chapter 11 Case for purposes of distribution and claims objections. As a result of such duplication of claims, the Trust objects to both Claim No. 1, and the IRS Japanese Claim, and requests that the Court enter an order disallowing both Claim No. 1 and the IRS Japanese Claim.

### RESERVATION OF RIGHTS

Nothing contained in this Objection shall be deemed an admission by the Trustee or the Trust of liability as to any claim and the Trust does not waive any rights against any claimant. The Trust reserves the right to refer to any documentation submitted in support of claims disallowed in whole or in part pursuant to this Objection in subsequent proceedings concerning such claims. Additionally, the Trust reserves all of its rights, including, but not limited to, the right to bring further and separate objections, defenses and challenges to the allowance of any claim, including the IRS's claim, now or hereafter asserted, whether or not such claim is presently subject to this Objection or any concurrently filed objection, and the right to bring avoidance actions against any claimant or to seek recovery from any claimant, including IRS, on any grounds.

### CONCLUSION

**WHEREFORE**, the Trust respectfully requests that this Court enter an order (1) disallowing Claim No. 1; (2) disallowing the IRS Japanese Claim; and (3) granting such additional relief as the Court deems necessary and appropriate.

Dated:     Honolulu, Hawaii,                Respectfully submitted,
           October 26, 2007

/s/ Chuck C. Choi
CHUCK C. CHOI
Wagner, Choi & Evers
Attorneys at Law
Counsel to the Azabu Liquidating Trust

/s/ H. Alexander Fisch
JEFFREY C. KRAUSE,
GEORGE C. WEBSTER, II,
ERIC D. WINSTON, AND
H. ALEXANDER FISCH
Stutman, Treister & Glatt
Professional Corporation
Counsel to the Azabu Liquidating Trust

/s/ Wayne K.T. Mau
WAYNE K.T. MAU
Watanabe, Ing & Komeiji, LLP
Counsel to the Azabu Liquidating Trust