| Attorney or Party Name, Address, Phone, Fax, Email: | | | For court use only |
|---|---|---|---|
| STUTMAN, TREISTER & GLATT PC<br>JEFFREY C. KRAUSE<br>GEORGE C. WEBSTER, II<br>ERIC D. WINSTON<br>H. ALEXANDER FISCH<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, CA 90067 | WATANABE, ING & KOMEIJI<br>WAYNE K.T. MAU<br>First Hawaiian Center<br>999 Bishop Street, Ste. 2300<br>Honolulu, HI 96813 | WAGNER CHOI & EVERS<br>JAMES A. WAGNER<br>CHUCK C. CHOI<br>745 Fort Street, Ste. 1900<br>Honolulu, HI 96813 | |

| UNITED STATES BANKRUPTCY COURT | Case No. 05-50011 |
|---|---|
| DISTRICT OF HAWAII | Chapter 11 |
| Debtor: Azabu Buildings Co., Ltd.<br>and, if any,<br>Joint Debtor: | Hearing Date: **January 14, 2008**<br>Time: **10:30 a.m.** |

## OBJECTION TO CLAIM (NO. 51 )

Objecting party: The Azabu Liquidating Trst

Objection is made to the following claim under Fed. R. Bankr. P. 3007. As filed, the claim states:

| Claim No. | Claimant | Amount | | |
|---|---|---|---|---|
| | | Secured | Priority | Unsecured |
| 51 | Global Asset Management Co. | $ | $ | $ 1,484,844 (approx.) |

The objecting party asserts that the claim should be: **Treated as explained in memorandum.**

If not disallowed in its entirety, the claim should be allowed in the following amounts.

| Secured | Priority | Unsecured |
|---|---|---|
| $ | $ | $ 0 |

A statement supporting the objection is attached. The undersigned will obtain a hearing date and serve these papers together with a notice of the objection on the claimant, any additional parties as required under the Bankruptcy Code and Rules and, if not the objecting party, the debtor, the debtor's attorney and the trustee. A separate certificate of service will be filed promptly with the court.

Dated: November 13, 2007

/s/ H. Alexander Fisch
Objecting Party or Attorney

hib_3007-1       9/03

U.S. Bankruptcy Court - Hawaii   #05-50011   Dkt # 1533   Filed 11/13/07   Page 1 of 14

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>AZABU BUILDINGS COMPANY LTD., aka AZABU TATEMONO K.K.<br><br>　　　　Debtor. | Case No. 05-50011 (RJF)<br><br>(Chapter 11)<br><br>Status Conference:<br><br>DATE:　　January 14, 2008<br>TIME:　　10:30 a.m.<br>JUDGE:　Honorable Robert J. Faris |

**OBJECTION OF THE AZABU LIQUIDATING TRUST TO CLAIM NO. 51 AND GLOBAL ASSET MANAGEMENT CO., LTD.'S JAPANESE CASE PROOF OF CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**

　　　　The AZABU Liquidating Trust (the "Trust"), by Alvarez & Marsal North America, LLC, as Trustee of the Trust (the "Trustee"), hereby files this Objection Of The AZABU Liquidating Trust To Claim No. 51 And Global Asset Management Co., Ltd.'s Japanese Case Proof Of Claim (the "Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Objection, the Trust respectfully represents as follows:

## JURISDICTION

　　　　This Court has jurisdiction over the subject matter of this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409. The instant proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court possesses the requisite authority to grant the relief requested herein pursuant to sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007.

## STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 44.1

The Trust raises issues concerning the law of a foreign country in this Objection. The Court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The Court's determination shall be treated as a ruling on a question of law.

## RELIEF REQUESTED

By this Objection, the Trust, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007, hereby objects to the claim asserted by Global Asset Management Co., Ltd. ("Global") in proof of claim number 51 as reflected in the Court's registry of claims ("Claim No. 51") and the proof of claim filed by Global in the Japanese Case[1] (the "Global Japanese Claim") and requests that the Court enter an order disallowing, expunging, and/or reducing Claim No. 51 and the Global Claim, as set forth herein.

## BACKGROUND

### A.    The Chapter 11 Filing.

This case was commenced under chapter 11 of the Bankruptcy Code by the filing of an involuntary petition against the Debtor on November 10, 2005 pursuant to section 303 of the Bankruptcy Code. On February 1, 2006, the Debtor consented to the entry of an order for relief under chapter 11, and an order for relief

---

[1] The Japanese Case is that case concerning Azabu Buildings Company, Ltd., filed in the Tokyo District Court on June 25, 2007, as described and defined in the "Order Confirming Debtor's and Official Committee of Unsecured Creditor's Second Amended Joint Chapter 11 Plan of Reorganization for Azabu Buildings Company, Ltd., a.k.a. Azabu Tatemono K.K. and Subsequent Filing Entities as of April 23, 2007" (the "Confirmation Order"). Capitalized terms not otherwise defined herein shall have the meaning set forth in the Confirmation Order.

was entered. The Debtor continues to operate its business as debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

### B. The Confirmed Plan of Reorganization and the Creation of the AZABU Liquidating Trust.

Pursuant to the Confirmation Order entered June 28, 2007, "all Estate Causes of Action shall be AZABU Trust Assets and the Liquidating Trustee . . . shall have the full power and authority to prosecute, compromise or otherwise resolve any and all such Estate Causes of Action, with all recoveries derived therefrom to be AZABU Trust Assets[,]" Confirmation Order, ¶ 49, and "the Liquidating Trustee, as the Estate Representative, shall have authority to investigate, administer, monitor, implement, litigate and settle all Disputed or unresolved Claims . . . ." *Id.* at ¶ 50.

The First Confirmation Implementation Date occurred on July 10, 2007. On the First Confirmation Implementation Date, pursuant to the Confirmation Order and Section 5.7 of the Plan, the Trust was formed. On that date, the Trust engaged Alvarez & Marsal North America, LLC to serve as the Trustee. Also on the First Confirmation Implementation Date pursuant to the Confirmation Order and Plan, the Trustee executed the AZABU Liquidating Trust Agreement and the Debtor commenced transferring the Excluded Assets to the Trust. Pursuant to the Confirmation Order, Plan and AZABU Liquidating Trust Agreement, the Official Committee of Unsecured Creditors continues to serve as the AZABU Liquidating Trust Committee.

### C. The Commencement of the Japanese Case.

Pursuant to this Court's oral ruling at the Confirmation Hearing, and consistent with paragraph 21 of the Confirmation Order, the Debtor filed the Japanese Case on June 25, 2007. An order formally commencing the Japanese Case (the "Commencement Order") was entered by the Tokyo District Court on August 1, 2007, and Mr. Eiji Katayama was appointed as trustee in the Japanese Case.

### D. Claims Filed In The U.S. Case.

Shortly after the entry of an order for relief, the Debtor filed its "Summary of Schedules and Statement of Financial Affairs" (the "Schedules") pursuant to Bankruptcy Code section 521(1), based upon its books and records as of the Petition Date. The Schedules list fifty-one non-priority unsecured claims against the Debtor, forty-seven of which were listed as disputed. The Debtor later amended its Schedules to add fourteen non-priority unsecured claims, each of which was listed as disputed.

On February 2, 2006, the Clerk of the Court entered the "Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines[,]" which set June 4, 2006 (the "Bar Date") as the deadline for creditors other than governmental units to file proofs of claim in this case. Parties in interest filed forty proofs of claim against the Debtor, not including amendments and superseding proofs of claim. Pursuant to this Court's "Order Granting Debtor's Motion for Order Setting Supplemental Bar Date[,]" the Bar Date for those certain creditors who were added to the Debtor's schedules was extended to August 7, 2006.

### E. Claims Filed in the Japanese Case.

To facilitate coordination of the Chapter 11 Case and the Japanese Case, the Confirmation Order provides, in pertinent part, as follows:

> Notwithstanding any bar date set by the Bankruptcy Court to the contrary, all Japanese Case Claims shall be deemed to be timely Filed in the Chapter 11 Case and the holders thereof shall receive treatment on account of such Claims, to the extent they are or become Allowed Claims, in accordance with the provisions of the Plan.

Confirmation Order, ¶ 24. The Plan similarly provides as follows:

> Notwithstanding any bar date set by the Bankruptcy Court to the contrary, all timely Filed Japanese Case Claims shall be deemed to be timely filed in the Chapter 11 Case and the holders thereof shall receive treatment on account of such

Claim, to the extent they are Allowed Claims, in accordance
with the provisions of the Plan. All Claims timely Filed in
the Japanese Case will be allowed or disallowed and treated
under the Plan as if timely Filed in the Chapter 11 Case.

Plan, Section 5.4.4.

Pursuant to the Commencement Order, the last date to file claims in the Japanese Case was September 3, 2007 (the "Japanese Case Bar Date"). Prior to the Japanese Case Bar Date, Mr. Eiji Katayama, the trustee appointed in the Japanese Case, informed the Debtor and the Trust that only claims actually filed in the Japanese Case would be entitled to vote on the Japanese Plan. The Debtor agreed to file claims in the Japanese Case on behalf of creditors who filed proofs of claim in the Chapter 11 Case, but had not filed proofs of claim in the Japanese Case. Thirty-six claims were filed in the Japanese Case, both by creditors and by the Debtor on behalf of creditors, including two claims that had not been previously filed in the Chapter 11 Case. The Global Japanese Claim is one such claim, which was timely filed in the Japanese Case. Global subsequently filed Claim No. 51 in the Chapter 11 Case. Several of the proofs of claim filed in the Japanese Case, including the Global Claim, assert late charges that accrued after the Petition Date for the Chapter 11 Case.

### F. The Trust's Investigation.

Over the last several months, the U.S. and Japan counsel for the estate have investigated the claims asserted against the Debtor.[2] This investigation by U.S. and Japanese counsel has included reviewing the Debtor's books and records, the

---

[2] Prior to the confirmation of the Plan, Japan and U.S. counsel for the Debtor, Wagner Choi & Evers and Bingham McCutchen Murase, Sakai Mimura Aizawa, Foreign Law Joint Enterprise, as well as Japanese and U.S. counsel for the Committee and now the Trust, Stutman, Treister & Glatt Professional Corporation and Kajitani Law Offices, have investigated the bona fides of claims under both Japanese and U.S. law, as well as attempted to coordinate the claims resolution procedure in the Chapter 11 Case and the Japanese Case.

proofs of claim submitted in the Chapter 11 Case and the Japanese Case, and the documents submitted in connection with the proofs of claim. The Trust's Japanese counsel also solicited creditors to provide additional information in support of their claims. The Trust's U.S. counsel presented the same request to U.S. counsel who had appeared or filed proofs of claim on behalf of creditors. The Trust's counsel reviewed all materials provided by creditors in response to such requests, and, in many cases, followed up with creditors to request additional, specific documentation in support of such creditors' claims.

    G.    **Analysis of Claim No. 51.**

Based upon the investigation described above, the Debtor's and the Trust's review of the Debtor's books and records, the proof of claim for Claim No. 51 and related Global Japanese Claim, supporting documents filed in the Japanese Case, and additional documents submitted by creditors, as applicable, the Trust submits as follows:

- Enforcement of the obligations underlying the Claim No. 51 is subject to the Debtor's right to invoke a statute of limitations defense under applicable law.
- Claim No. 51 asserts JPY 175,553,125 on account of late charges that accrued after the Petition Date of the Chapter 11 Case. Such postpetition late charges are not allowable under Bankruptcy Code section 502.
- If any portion of the Claim No. 51 is allowed, the Japanese yen denominated claims must be converted to U.S. dollars using the 118.23 yen to dollar exchange rate prevailing as of the Petition Date.[3]
- Global filed a proof of claim in the Japanese Case on account of the same debt asserted in Claim No. 51.

---

[3] The Trust is informed that the Debtor used a yen to dollar conversion rate of 117 as of the Petition Date in preparing the Schedules.

## ARGUMENT

Bankruptcy Code section 502 authorizes a party in interest to object to claims. See 11 U.S.C. § 502. As set forth above, the Trustee has authority to prosecute objections to claims on behalf of the Trust. Upon an objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell), 223 F.3d 1035, 1039 (9th Cir. 2000); see also Murgillo v. California State Bd. of Equalization (In re Murgillo), 176 B.R. 524, 529 (B.A.P. 9th Cir. 1995) ("The ultimate burden of persuasion is on the claimant.").

Section 502(b) provides a number of grounds on which a proof of claim may be disallowed. For the reasons set forth below, valid objections exist with respect to Claim No. 51. The objections raised herein, however, may not be all of the objections applicable to Claim No. 51 and the Trust reserves the right to bring such additional objections as it may determine are appropriate. See Bankruptcy Code § 502(j).

### A. Claimant Has Failed to Satisfy Its Burden of Proof That the Claim Is Valid.

Bankruptcy Rule 3001(c) provides, in pertinent part that, "[w]hen a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Fed. R. Bank. P. 3001(c). Moreover, Bankruptcy Rule 3001(a) provides, in pertinent part, that "[a] proof of claim shall conform substantially to the appropriate Official Form," Fed. R. Bank. P. 3001(a), which Official Form in turn requires claimants to "[a]ttach copies of

documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of these documents." Official Bankruptcy Forms, Form 10, Item 9. A proof of claim that does not comply with Rule 3001(c) "is not entitled to be considered as *prima facie* evidence of the claim's validity." Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.), 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996); accord, e.g., In re Immerfall, 216 B.R. 269, 272 (Bankr. D. Minn. 1998).

The Bankruptcy Appellate Panel for the Ninth Circuit explained a claimant's burden to present facts to support its claim as follows:

> [T]he claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

In re Consolidated Pioneer Mortg., 178 B.R. at 226 (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992) (citations omitted)). Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability,' the claim is not prima facie valid." In re Hongnisto, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting In re Consolidated Pioneer Mortg.), 178 B.R. at 226) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim). See also In re Consolidated Pioneer Mortg., 178 B.R. at 227 (disallowing the claim because the proof of claim did not allege sufficient facts to support it).

As discussed below, it is the Trust's position that Global has failed to submit evidence that its claim is valid and enforceable under applicable law or asserted in the appropriate amount.

U.S. Bankruptcy Court - Hawaii   #05-50011   Dkt # 1533   Filed 11/13/07   Page 9 of 14
464988v2
9

## B. Claim No. 51 Is Unenforceable Against the Debtor under Applicable Law.

Pursuant to section 502(b)(1), claims that are "unenforceable against the debtor and property of the debtor, under . . . applicable law for a reason other than because such claim is contingent or unmatured" must be disallowed. To determine what law governs the obligations of the Debtor with respect to the Claim No. 51, this Court must apply Hawaii law. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S. Ct. 1020 (1941). Absent a choice of law selection by parties to a contract, Hawaii applies the law of the jurisdiction with the most significant relationship to the parties and the subject matter. See Mikelson v. United Servs. Auto. Ass'n, 107 Haw. 192 (Haw. 2005) (Hawaii courts have "moved away from the traditional and rigid conflict-of-laws rules in favor of the modern trend towards a more flexible approach looking to the state with the most significant relationship to the parties and subject matter.") (quoting Lewis v. Lewis, 69 Haw. 497, 499, 748 P.2d 1362, 1365 (1988)).

The Debtor is a Kabushiki Kaisha (a Japanese stock company) formed pursuant to the laws of Japan. On information and belief, Global is also a Japanese entity and/or conducts a substantial portion of their business in Japan. Claim No. 51 consists entirely of obligations entered into in Japan and to be performed in Japan. Accordingly, Japanese law is the relevant non-bankruptcy law governing the obligations of the Debtor with respect to Claim No. 51. See Restat. 2d of Conflict of Laws, § 188 (instructing that determining what jurisdiction has the most significant contacts requires consideration of the following factors: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties.") .

Under applicable Japanese law, a commercial obligation is subject to a five year statute of limitations. If no event has occurred to interrupt the statute of

limitations, enforcement of the obligation is subject to the debtor's right to invoke the statute of limitations. Commercial Code of Japan, Art. 522 ("[A] claim which has arisen out of a commercial transaction shall be extinguished by prescription if it is not exercised within five years."); see Bankruptcy Code § 558 ("The estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses. A waiver of any such defense by the debtor after the commencement of the case does not bind the estate.").

The statute of limitations with respect to Claim No. 51 commenced prior to five years before the Petition Date. It is the position of the Trust that the Debtor's books and records do not demonstrate that any event has interrupted the statute of limitations with respect to any portion of Claim No. 51, and that Global has not provided evidence that the Debtor has acknowledged the asserted debt, or waived the statute of limitations with respect to Claim No. 51. Accordingly, Claim No. 51 should be disallowed in its entirety.

C. **Claim No. 51 Is Inconsistent with the Debtor's Books and Records.**

As discussed above, Claim No. 51 includes JPY 175,553,125 in late charges that accrued during the period from the Petition Date in the Chapter 11 Case through the date of the Commencement Order. Postpetition interest and late charges are not properly recoverable by Global, an unsecured creditor. See In re Cal. Wholesale Elec. Co., 121 B.R. 360, 366-67 (Bankr. C.D. Cal. 1990); see also In re Gledhill, 164 F.3d 1338, 1340 (10th Cir. 1999); In re Brentwood Outpatient, Ltd., 43 F.3d 256, 262 (6th Cir. 1994) ("[Section] 506(b) . . . sets out the only exceptions to the general rule disallowing post-petition" additions to a prepetition claim); In re Pointer, 952 F.2d 82, 89 (5th Cir. 1992)("[O]nly creditors who have voluntary secured claims can recover penalties . . . ."). Accordingly, the Trust respectfully requests that this

Court disallow, at a minimum, JPY 175,553,125 of Claim No. 51, which is attributable to postpetition late charges.

>    D.   **Claim No. 51 Can Be Allowed, If At All, Only in An Amount Denominated in U.S. Dollars, Converted from Yen As of the Petition Date.**

The plain language of Bankruptcy Code section 502(b) requires that the amount of debts denominated in foreign currency shall be determined "in lawful currency of the United States as of the date of the filing of the petition . . . ." See also In re Aaura, Inc., Case No. 06 B 01853, 2006 Bankr. LEXIS 2011, at *15 n.5 (Bankr. N.D. Ill. Sept. 1, 2006) ("Section 502(b) prevents the value of a claim from fluctuating by freezing the claim *as of the petition date and converting it to United States dollars*. The amount of the claim will not change, even if the goods under contract subsequently rise or fall in value, or if the applicable currency rises or falls in relation to dollars."); In re Interco Inc., Case No. 91-40442-172, 1992 Bankr. LEXIS 1872, at *42 (Bankr. E.D. Mo. Nov. 19, 1992) (ordering that proofs of claim be filed in US dollars, converted using the applicable rate on the petition date).

In light of the mandate of section 502(b), the Trust respectfully requests that any allowed claim on account of Global's claim be determined as of the Chapter 11 Case Petition Date, using the exchange rate of $1 to JPY 118.23, as published in the Wall Street Journal. See What's News, Wall St. J., Nov. 11, 2005, Bus. & Fin., at A1; E.S. Browning, Thursday's Markets, Wall St. J., Nov. 11, 2005, at. C1.

Claim No. 51 asserts a claim denominated in Japanese yen. Ignoring the grounds for disallowance of the entirety of Claim No. 51, any allowed claim in favor of Global should be allowed only in United States dollars in an amount calculated using the applicable yen to dollar exchange rate of 118.23.

>    E.   **Claim No. 51 and the Global Japanese Claim Are Duplicative.**

As set forth above, pursuant to Paragraph 24 of the Confirmation Order and Section 5.4.4 of the Plan, claims timely filed in the Japanese Case are deemed

timely filed in the Chapter 11 Case for purposes of distribution and claims objections. As a result of such duplication of claims, the Trust objects to both Claim No. 51 and the corresponding Global Japanese Claim.

Section 502 precludes the allowance of duplicative proofs of claim because applicable law prevents a claimant from recovering twice on a single debt. See Fine Organics Corp. v. Hexcel Corp. (In re Hexcel Corp.), 174 B.R. 807, 811 (Bankr. N.D. Cal. 1994) (noting the bankruptcy policy "intended to protect the limited assets of the estate from duplicative claims"); In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("to allow one creditor to assert two dollars in claims for every one dollar of loss from the same debtor violates principles of ratable distribution and offends notions of uniform treatment for creditors") (quotations omitted).

Global filed Claim No. 51 in the Chapter 11 Case and an additional claim, on account of the same debt, in the Japanese Case. Global is entitled only to one recovery, if any, on its claim.

## RESERVATION OF RIGHTS

Nothing contained in this Objection shall be deemed an admission by the Trustee or the Trust of liability as to any claim and the Trust does not waive any rights against any claimant. The Trust reserves the right to refer to any documentation submitted in support of claims disallowed in whole or in part pursuant to this Objection in subsequent proceedings concerning such claims. Additionally, the Trust reserves all of its rights, including, but not limited to, the right to bring further and separate objections, defenses and challenges to the allowance of any claim, including Global's claim, now or hereafter asserted, whether or not such claim is presently subject to this Objection or any concurrently filed objection, and the right to bring avoidance actions against any claimant or to seek recovery from any claimant, including Global, on any grounds.

U.S. Bankruptcy Court - Hawaii    #05-50011    Dkt # 1533    Filed 11/13/07    Page 13 of 14
464988v2
13

# CONCLUSION

**WHEREFORE**, the Trust respectfully requests that this Court enter an order disallowing the Claim No. 51 and the Global Japanese Claim, and granting such additional relief as the Court deems necessary and appropriate.

Dated: Honolulu, Hawaii, November 13, 2007

Respectfully submitted,

/s/ Chuck C. Choi
CHUCK C. CHOI
Wagner, Choi & Evers
Attorneys at Law
Counsel to the Azabu Liquidating Trust

/s/ H. Alexander Fisch
JEFFREY C. KRAUSE,
GEORGE C. WEBSTER, II,
ERIC D. WINSTON, AND
H. ALEXANDER FISCH
Stutman, Treister & Glatt
Professional Corporation
Counsel to the Azabu Liquidating Trust

/s/ Wayne K.T. Mau
WAYNE K.T. MAU
Watanabe, Ing & Komeiji, LLP
Counsel to the Azabu Liquidating Trust