STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
JEFFREY C. KRAUSE          CA 94053
GEORGE C. WEBSTER II       CA 82870
ERIC D. WINSTON            CA 202407
H. ALEXANDER FISCH         CA 223211
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone No.     (310) 228-5600
Telefacsimile No. (310) 228-5788
jkrause@stutman.com, gwebster@stutman.com,
ewinston@stutman.com, afisch@stutman.com

WAGNER & CHOI
Attorneys at Law
JAMES A. WAGNER
CHUCK C. CHOI
NEIL J. VERBRUGGE
Topa Financial Center, Fort St. Twr.
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
Email: wcelaw@wcelaw.com

WATANABE ING & KOMEIJI, LLP
WAYNE K. MAU
First Hawaiian Center, Suite 2300
999 Bishop Street
Honolulu, Hawaii 96813
Telephone No.     (808) 544-8300
Telefacsimile No. (808) 544-8399
wmau@wik.com

Attorneys for the AZABU Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>AZABU BUILDINGS COMPANY LTD., aka AZABU TATEMONO K.K.<br><br>Debtor. | Case No. 05-50011 (RJF)<br><br>(Chapter 11)<br><br>Status Conference:<br><br>DATE: January 14, 2008<br>TIME: 10:30 a.m.<br>JUDGE: Honorable Robert J. Faris |

## STIPULATION AND ORDER TO SETTLE OBJECTION TO CLAIM NO. 27

This Stipulation and Order by and among the Azabu Liquidating Trust (the "Trust"), Azabu Buildings Company, Ltd., a.k.a. Azabu Tatemono K.K., debtor and debtor in possession (the "Debtor"), and the Official Committee of Unsecured Creditors (the "Committee") on the one hand, and, C.K. (Nevada) Corporation ("C.K."), on the other hand, is entered into based on the following facts:

### RECITALS

A. C.K. is the lessor of certain real property to the Debtor pursuant to a series of prepetition leases (the "C.K. Leases"). During the Debtor's chapter 11 case the Debtor assumed the C.K. Leases.

B. C.K. filed Proof of Claim No. 27 asserting a contingent and unliquidated general unsecured claim, and a contingent and unliquidated administrative claim in the Debtor's chapter 11 case (the "Claim").

C. The Debtor and the Trust filed an objection (the "Objection") to the Claim, asserting, *inter alia*, that there is no evidence of any default or breach of

U.S. Bankruptcy Court - Hawaii    #05-50011    Dkt # 1642    Filed 01/11/08    Page 2 of 5

the Debtor's assumed C.K. Leases, and there is no evidence of any other liability to C.K.

D.  C.K. filed a response to the Objection re-asserting its administrative expense claim, and seeking, *inter alia*, that all amounts owed under the C.K. Leases – from the date of assumption – be determined to constitute administrative expenses under section 503 of the Bankruptcy Code.

E.  The C.K. Leases provide for an increase in the amount of the rent due thereunder every ten years (the "Increased Rent"). The ten year period for Increased Rent under the C.K. Leases occurred on January 1, 2007. Under the C.K. Leases, the Increased Rent is to be established by agreement of the parties, or, if the parties cannot agree, by an arbitration proceeding. C.K. and the Debtor are presently parties to an arbitration proceeding (the "Arbitration Proceeding") to determine the amount of Increased Rent that is payable to C.K. on account of the C.K. Leases. Once the Increased Rent amount is determined, the Debtor will owe C.K. the Increased Rent amount for the period from and after January 1, 2007 through the Plan Effective Date (defined below). The Trust, the Committee, and the Debtor do not dispute that the Increased Rent owed to C.K. from January 1, 2007, through the Plan Effective Date is an administrative expense claim.

F.  C.K. does not dispute that at the time the Debtor assumed the C.K. Leases on June 14, 2006, pursuant to the "Order Authorizing Assumption of Debtor's Non-Residential Real Property Leases," the Debtor was not in default and/or cured any pre-petition defaults under the C.K. Leases.

G.  The Trust, the Committee, and the Debtor do not dispute that C.K. will be entitled to both an administrative expense claim and a general unsecured claim under Bankruptcy Code section 503(b)(7) if the Debtor rejects the previously assumed C.K. Leases prior to the effective date (the "Plan Effective Date") of the Debtor's and Committee's confirmed "Second Amended Joint Chapter 11 Plan of Reorganization

3

for Azabu Buildings Company, Ltd., a.k.a. Azabu Tatemono K.K. and Subsequent Filing Entities as of April 23, 2007" (the "Plan"). The Debtor does not, however, intend to reject the previously assumed C.K. Leases.

H. The parties wish to avoid the expense, delay, and uncertainty of litigation over the merits of the Claim and Objection by entering into the following stipulation:

**NOW, THEREFORE**, it is hereby stipulated and agreed as follows:

1. C.K. shall be deemed to have filed a timely administrative expense claim (as set forth in Section 2.3.1. of the Plan and Paragraph 17 of the Plan Confirmation Order) in an unliquidated amount for amounts owing under the C.K. Leases, as they come due, for any Increased Rent determined to be owing under the C.K. Leases as a result of the Arbitration Proceeding.

2. The balance of the Claim shall be disallowed.

3. If the Debtor rejects the previously assumed C.K. Leases prior to the Plan Effective Date, any order providing for such rejection shall provide C.K. with not less than thirty (30) days from the date that such order is entered to file a claim for any damages caused by that rejection, including, but not limited to an administrative expense claim and a general unsecured claim under Bankruptcy Code section 503(b)(7), notwithstanding any other bar date for the filing of claims established by this Court in the order confirming the Plan, the order disallowing the remainder of the Claim (as set forth above in paragraph 2), or any other order.

**APPROVED AND SO ORDERED:**

_/s/_ JAN 1 1 2008
_____
**United States Bankruptcy Judge**

Dated:    January 4, 2008         STUTMAN, TREISTER & GLATT
                                  Professional Corporation
                                  On behalf of the Official Committee of
                                  Unsecured Creditors, the Azabu
                                  Liquidating Trust Committee, and the
                                  Azabu Liquidating Trust


                                  By:/s/ H. Alexander Fisch
                                  H. Alexander Fisch

Dated:    January 4, 2008         WAGNER, CHOI & EVERS
                                  Attorneys at Law
                                  On behalf of Azabu Buildings Company,
                                  Ltd.


                                  By: /s/ Chuck C. Choi
                                  Chuck C. Choi


Dated:    January 4, 2008         GIBSON, DUNN & CRUTCHER LLP
                                  On behalf of C.K. (Nevada) Corporation


                                  By: /s/ Oscar Garza
                                  Oscar Garza