WATANABE ING, LLP
WAYNE K. MAU
First Hawaiian Center, Suite 2300
999 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 544-8300
Telefacsimile No. (808) 544-8399
Email: wmau@wik.com

STUTMAN, TREISTER & GLATT PC
JEFFREY C. KRAUSE    CA 94053
ERIC D. WINSTON    CA 202407
H. ALEXANDER FISCH    CA 223211
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone No. (310) 228-5600
Telefacsimile No. (310) 228-5788
Email: jkrause@stutman.com, ewinston@stutman.com
       afisch@stutman.com

Attorneys for the Azabu Liquidating Trust

479621v1

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re | ) Case No. 05-50011 (RJF) |
| | ) (Chapter 11) |
| | ) |
| AZABU BUILDINGS COMPANY | ) |
| LTD., aka AZABU TATEMONO K.K. | ) |
| | ) Hearing |
| Debtor. | ) DATE: October 27, 2008 |
| | ) TIME: 9:30 a.m. |
| | ) JUDGE: Honorable Robert J. Faris |

**ORDER GRANTING MOTION FOR ORDER AUTHORIZING AZABU LIQUIDATING TRUST TO ENTER INTO COMPROMISE WITH DEFENDANTS PACIFICA CO., LTD. AND GRASSROOTS MANAGEMENT, LTD.; EXHIBITS "A" AND "B"**

A hearing on the MOTION FOR ORDER AUTHORIZING AZABU LIQUIDATING TRUST TO ENTER INTO COMPROMISE WITH DEFENDANTS PACIFICA CO., LTD. AND GRASSROOTS MANAGEMENT, LTD.; EXHIBITS 'A' AND 'B' (the "Motion") filed by the Azabu Liquidating Trust (the "Trust") for an order authorizing the Trust to enter into that certain "Settlement Agreement and Mutual Release" attached as Exhibit "A" to the Motion (the "Settlement Agreement") and the supplemental agreement attached as Exhibit "B" to the Motion (the "Supplemental Agreement") was held on shortened notice at 9:30 a.m. on October 27, 2008, in the courtroom of the United States Bankruptcy Court for the District of Hawaii, the Honorable Robert J. Faris presiding. Appearances are as noted in the record. Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Motion.

1

479621v1

U.S. Bankruptcy Court - Hawaii #05-50011 Dkt # 1995 Filed 10/28/08 Page 2 of 17

At the hearing, counsel for the Trust advised the Court that the Japanese Trustee had executed the Supplemental Agreement, thereby satisfying a condition to the effectiveness of the Settlement Agreement.

The Court, having reviewed the Motion and finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion was proper and sufficient under the circumstances of the present case, including that certain Order Granting Motion to Shorten Time dated October 7, 2008; (d) no person or party in interest filed an objection to the Motion; (e) the evidence presented, including the record in Adversary Proceeding No. 07-90056, indicates that the compromise agreed to by the Trust, Pacifica Co. Ltd., and Grassroots Management Ltd., is above the lowest point of the range of reasonableness, and good cause appearing, NOW, THEREFORE,

IT IS FOUND AND HEREBY ORDERED THAT

1. The Motion is granted, and the Trust is authorized and directed to enter into the Settlement Agreement in the form attached hereto as Exhibit "A" and the Supplemental Agreement attached hereto as Exhibit "B" and incorporated herein by reference, and to take all actions contemplated thereby.

2. Within ten business days after payment pursuant to paragraph 1 of the Settlement Agreement, the parties shall file a stipulated dismissal of Adversary Proceeding No. 07-90056.

DATED: October __ 2008

2

# EXHIBIT "A"

U.S. Bankruptcy Court - Hawaii   #05-50011   Dkt # 1995   Filed  10/28/08   Page 4 of 17

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made effective this 3rd of October, 2008, by and between the Azabu Liquidating Trust, by and through its duly appointed trustee, Alvarez & Marsal North America, LLC (the "Trust"), on the one hand, and Kabushiki Kaisya Pacifica, aka Pacifica Co., Ltd. ("Pacifica"), and Grassroots Management, Ltd. ("Grassroots," and with Pacifica, "Claimants"), on the other hand (each a "Party" and collectively the "Parties"):

### RECITALS

A. On November 10, 2005 (the "Petition Date"), an involuntary chapter 11 petition concerning Azabu Buildings Company, Ltd. aka Azabu Tatemono K.K. ("Azabu") was filed in the United States Bankruptcy Court for the District of Hawaii (the "Court"), which commenced Case Number 05-50011 (the "Bankruptcy Case"). On February 1, 2006, the Debtor consented to the entry of an order for relief and such order was entered.

B. On June 2, 2006, Pacifica filed Claim Number 40. On October 6, 2006 Pacifica filed amended Claim Number 46, which asserts an unsecured claim in the amount of $1,207,693,635.99 (the "Pacifica Claims").

C. On June 2, 2006, Grassroots filed Claim Number 39. On October 6, 2006, Grassroots filed amended Claim Number 47, which asserts an unsecured claim in the amount of $266,415,040.39 (the "Grassroots Claims" and together with the Pacifica Claims, the "US Claims").

D. By stipulation approved March 27, 2008, Pacifica and Grassroots agreed to certain modifications of their claims, including the reduction of a portion of the Pacifica Claims, withdrawal of any claim to interest after the Petition Date and the conversion of yen denominated claims into United States dollars at the rate of 118.23 yen to the dollar.

E. On June 27, 2007, the Court entered the "Order Confirming Debtor's and Official Committee of Unsecured Creditors' Second Amended Joint Chapter 11 Plan of Reorganization for Azabu Buildings Company, Ltd., a.k.a. Azabu Tatemono K.K. and Subsequent Filing Entities as of April 23, 2007" (the "Confirmation Order," which confirmed the "Plan").

F. Pursuant to the Confirmation Order, "all Estate Causes of Action shall be AZABU Trust Assets and the Liquidating Trustee . . . shall have the full power and authority to prosecute, compromise or otherwise resolve any and all such Estate Causes of Action, with all recoveries derived therefrom to be AZABU Trust Assets[,]" Confirmation Order, ¶ 49, and "the Liquidating Trustee, as the Estate Representative, shall have authority to investigate, administer, monitor, implement, litigate and settle all Disputed or unresolved Claims . . . ," *Id.* at ¶ 50.

G. On July 10, 2007, pursuant to the Confirmation Order and Section 5.7 of the Plan, the Trust was formed. On that date, pursuant to the Confirmation Order and Plan, Azabu commenced transferring the Excluded Assets (as defined in the Plan), which include Azabu's rights with respect to the Claims.

H. Azabu also filed a corporate reorganization case in the Tokyo District Court (the "TDC"). Eiji Katayama was appointed trustee (the "Japanese Trustee") in that case. Pacifica and Grassroots have also filed claims in the Japanese reorganization case in the amount of 126,679,472,670 yen and 44,985,385,089 yen, respectively (the "Pacifica Japanese Claims," "Grassroots Japanese Claims," and collectively the "Japanese Claims," and together with the US Claims, the "Claims"). The Japanese Claims include amounts also included in the US Claims, though the Japanese Claims also include interest that accrued after the Petition Date. The Plan provides that such interest shall not be allowed. There are pending assessment motions filed by each of the Claimants in the TDC regarding the Japanese Trustee's disallowance of the Japanese Claims, but the Assessment Motions have been stayed (the "Japanese Litigation").

H. The Trust has objected to each of the Claims and has sought to equitably subordinate each of the Claims or to limit the distribution on account of each of the Claims to the amount paid for that Claim. The Claimants oppose the relief sought by the Trust.

I. The Parties have agreed to the terms of this Agreement, intending hereby that, in full and final settlement and satisfaction of any and all claims of the Claimants against Azabu, the Trust, and its trustee, and the bankruptcy estates in both the United States and Japan,, including without limitation the Claims, the Trust shall pay to Claimants THREE MILLION TWO HUNDRED FIFTY THOUSAND DOLLARS ($3,250,000).

NOW, THEREFORE, in accordance with the foregoing, for good and valuable consideration, the receipt of which is hereby acknowledged, and intending to be legally bound, the Parties do hereby agree and stipulate as follows:

## AGREEMENT AND STIPULATION

1. Payment. Within two business days after the Effective Date (as defined in paragraph 6 below) of this Agreement, the Trust shall pay to Pacifica the sum of Three Million Two Hundred Fifty Thousand Dollars ($3,250,000) and shall pay to Grassroots the sum of Zero Dollars ($0.00). The aggregate payment of THREE MILLION TWO HUNDRED FIFTY THOUSAND DOLLARS ($3,250,000) shall be referred to herein as the "Settlement Payment". The Settlement Payment shall be deposited by wire transfer as follows:

Beneficiary: Case Lombardi & Pettit

Bank: ABA No.: 121301015
First Hawaiian Bank
Main Branch
999 Bishop Street
Honolulu, Hawaii 96813
Account No. 01-115286

Contact: Helen Suganuma

Telephone: 808-547-5400

Reference: Pacifica Settlement Funds

2. **Allowance of Claims.** The Pacifica Japanese Claims shall be allowed in the amount of Four Hundred Million ($400,000,000) and the Grassroots Japanese Claims shall be allowed in the amount of Zero Dollars ($0.00); provided, however, that notwithstanding any other matter, including without limitation any provision of this Agreement, the Plan, or the Confirmation Order, the Japanese plan or the Japanese confirmation order, the only distribution to which Claimants shall be entitled on account of the Claims shall be the Settlement Payment, and the Settlement Payment shall be deemed full and final settlement and satisfaction of the allowed Claims. This Agreement is intended as a compromise of, inter alia, the Trust's contentions that the Claims should be entirely equitably subordinated and that the distributions on account of the Claims should be limited to the amount the Claimants paid for the Claims, which in aggregate was far less than the Settlement Payment. If the Trust prevails on either of these arguments the Claimants would receive far less than their pro rata share compared to other holders of allowed unsecured claims. Claimants acknowledge that they will receive less than a pro rata distribution compared to other holders of allowed unsecured claims, in final settlement of the Trust's contentions.

3. **Releases.**

a. In exchange and in consideration for the mentioned premises, and effective upon and subject to timely receipt of the Settlement Payment, the Claimants, their predecessors, successors and assigns, affiliates, boards of directors and committees thereof, employees and agents hereby discharge and release Azabu and its bankruptcy estates in the United States and in Japan, the Japanese Trustee, the Creditors Committee (and its members solely in their capacity as members thereof), the AZABU Liquidating Trust Committee (and its members solely in their capacity as members thereof), the Trust, and its trustee, and their respective officers, directors, agents, employees, and attorneys (the "Azabu Releasees"), from any and all claims, demands, promises, agreements and causes of action that relate to or arise from the Parties' dealings with or relationships to Azabu or its subsidiaries, the Trust, the Japanese Trustee, the chapter 11 case, the Japanese Reorganization Case, or the Japanese Litigation which the Claimants ever had, have or may have against any of the Azabu

Releasees at any time up until the date of this Agreement, whether matured or unmatured, whether or not presently existing, whether based on any federal, state or bankruptcy law or right of action or otherwise, whether in tort, fraud or contract, law, admiralty or equity, whether known or unknown, whether foreseen or unforeseen, whether contingent, liquidated or otherwise, whether pre-petition or post-petition, whether represented or evidenced by the Claims or by agreements, stipulations or other documents executed or agreed to by Claimants or filed with the Court or the TDC, whether secured or unsecured, whether arising under the laws of Japan, the United States of America, or any other nation or political subdivision of any nation, and whether or not asserted in any litigation in any way, including, without limitation, the Claims or the Japanese Litigation, and any claims arising out of or relating to: (a) the Bankruptcy Case, including, but not limited to, claims for administrative expense priority under 11 U.S.C. § 503 or other priority; (b) any other matter, cause or thing whatsoever from the beginning of time to the date of this Agreement related to or arising from the Parties' dealings with or relationships to Azabu or its subsidiaries, the Trust, the Japanese Trustee, the chapter 11 case, the Japanese Reorganization Case, the Japanese Litigation; or (c) the involvement of any of the Claimants with the Japanese Trustee, the Trust or Azabu. The Claimants will not file or commence, and hereby are precluded from filing or commencing, any claim or action against any of the Azabu Releasees with respect to the matters released herein; provided, however, that the foregoing shall not prevent any of the Parties from bringing an action in the Court seeking to enforce this Agreement.

        b.        In exchange and in consideration for the mentioned premises, the Trust, its predecessors, successors, assigns, affiliates, and committees, employees and agents hereby discharge and release the Claimants and each of their respective past, present and future directors, officers, agents, attorneys, officers, directors, insurers, subsidiaries, partners, employees, predecessors, and successors and assigns (the "Claimants Releasees"), and each of them from any and all claims, demands, promises, agreements and causes of action related to or arising from the Parties' dealings with or relationships to Azabu or its subsidiaries, the Trust, the Japanese Trustee, the chapter 11 case, the Japanese Reorganization Case, or the Japanese Litigation, which the Trust or Azabu ever had, have or may have against any of the Claimants Releasees at any time up until the date of this Agreement, whether matured or unmatured, whether or not presently existing, whether based on any federal, state or bankruptcy law or right of action or otherwise, whether in tort, fraud or contract, law, admiralty or equity, whether known or unknown, whether foreseen or unforeseen, whether contingent, liquidated or otherwise, and whether pre-petition or post-petition, whether represented or evidenced by the Claims or by agreements, stipulations or other documents executed or agreed to by Claimants or filed with the Court or the TDC, whether secured or unsecured, whether arising under the laws of Japan, the United States of America, or any other nation or political subdivision of any nation, and whether or not asserted in any litigation in any way, including, without limitation: (a) the Claims or the Japanese Litigation; (b) the Bankruptcy Case; or (c) the involvement of any of the Claimants with the Japanese Trustee, the Trust or Azabu. The Trust will not file or commence, and hereby is precluded from filing or commencing, any claim or action against any of the Claimants Releasees with respect to the matters released herein; provided, however, that the foregoing shall not prevent any of the Parties from bringing an action in the Court to enforce this Agreement.

c. In consideration of the terms and provisions recited herein, the Parties expressly waive and relinquish all rights and benefits afforded by section 1542 of the Civil Code of the State of California, and any similar provisions or principals of law in any other jurisdiction. Section 1542 of the Civil Code of the State of California, the rights under which are being waived by this paragraph, provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

With respect to the released claims, the parties expressly waive all rights any of them may have, or may claim to have, that any claim, demand, obligation and/or cause of action has through ignorance, oversight or error been omitted from the terms of this Agreement. It is understood and acknowledged that the facts with respect to which the foregoing release is given may hereafter turn out to be other than or different from the facts known to the parties granting this release or believed by them to be true, and they therefore expressly assume the risk of the facts turning out to be so different and agree that the foregoing general release shall be in all respects effective and not subject to termination or rescission by reason of any difference in facts or otherwise.

4. Abatement and Stipulated Dismissal of Pending Litigation.

A significant consideration in entering into this Agreement is to eliminate the need for further litigation expenses, but the Parties recognize that this Agreement shall become effective only after the Court approves this Agreement. Therefore, all actions related to the litigation shall abate immediately upon the execution of this Agreement, pending Court approval of the Agreement and the Effective Date. All depositions that have previously been scheduled shall be taken off calendar and the hearing scheduled for October 3, 2008, shall be taken off calendar or continued. The Parties will request that the Court enter its order authorizing the Trust to enter into this Agreement on shortened notice on or before October 30, 2008. In the event that the Court does not enter its order authorizing the Trust to enter into this Agreement on or before November 10, 2008, or such later date as the Parties mutually agree, this Agreement shall be null and void and the parties will cooperate in re-scheduling all such matters, including without limitation all depositions currently scheduled to take place at the United States Embassy in Tokyo, Japan, and setting a new trial date after such discovery can be completed.

Within a reasonable period not to exceed ten (10) business days after Claimants' timely receipt of the Settlement Payment, the parties shall file, in the appropriate forums, stipulated dismissals of any and all pending proceedings.

5. Representations and Warranties. The Parties hereby represent and warrant to each other the following, each of which is a continuing representation and warranty:

a. Pacifica is the sole and lawful owner of all right, title and interest in the Pacifica Claims and the Pacifica Japanese Claims, and has not transferred, or purported to transfer, to any person or entity any of the Pacifica Claims or the Pacifica Japanese Claims.

b. Grassroots is the sole and lawful owner of all right, title and interest in the Grassroots Claims and the Grassroots Japanese Claims, and has not transferred, or purported to transfer, to any person or entity any of the Grassroots Claims or the Grassroots Japanese Claims.

c. Subject to the entry of a Court order authorizing the Trust to enter into this Agreement, this Agreement is a valid and binding obligation of the Parties, enforceable against each of them in accordance with its terms.

d. Except as otherwise expressly provided in this Agreement, no consent or approval is required by any other person or entity in order for the Parties to carry out the provisions of this Agreement, and each of the Parties has obtained all necessary corporate and other approval to enter into and perform the obligations under this Agreement. In addition, each person signing this Agreement warrants that he or she is legally competent and authorized to execute this Agreement on behalf of the Party whose name is subscribed at or above such person's signature.

e. Each of the Parties hereto has received independent legal advice from attorneys of its choice with respect to the advisability of making the agreements provided herein and with respect to the advisability of executing this Agreement, and prior to the execution of this Agreement by the Parties, the Parties' respective attorneys reviewed this Agreement with them and have made all desired changes.

f. Except as otherwise expressly stated in this Agreement, the Parties have not made any statement or representation to each other regarding any facts relied upon by them in entering into this Agreement, and each of them specifically does not rely upon any statement, representation, or promise of the other Parties hereto or any other person in entering into this Agreement, except as expressly stated herein. Each Party has relied upon its own investigation and analysis of the facts and not on any statement or representation made by any other party in choosing to enter into this Agreement and the transactions contemplated herein.

g. The Parties hereto and their respective attorneys have made such investigation of the facts pertaining to this Agreement and all of the matters pertaining thereto as they deem necessary.

6. <u>Effectiveness of this Agreement</u>. This Agreement is effective as of the date that is the first business day after the tenth day after the entry of a Court order authorizing the Trust to enter into this Agreement, except that (1) if such order is stayed or, if such a stay is granted, this Agreement is effective as of the date that is first business day after that stay expires; or (2) if the tenth day after the entry of such order is a

Saturday or Sunday, this Agreement is effective as of the date that is the second business day after the tenth day after entry of such order (the "Effective Date").

7. **Notices.** All notices, requests, demands, and other communications under or relating to this Agreement shall be in writing and shall be deemed to have been duly given on the date of service if served personally or by facsimile transmission on the Party to whom directed, or on the first business day after mailing if mailed to the Party to whom directed, by Federal Express or other overnight delivery service, and properly addressed to such Party as follows:

If to the Trust:

Steven G. Varner
Alvarez & Marsal, Trustee of the Azabu Liquidating Trust
633 West Fifth Street, Suite 2560
Los Angeles, California 90071
Fax: (213) 330-2133

and

Jeffrey C. Krause
Stutman, Treister & Glatt Professional Corporation
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Fax: (310) 228-5788

If to the Claimants:

c/o Ted N. Pettit, Esq.
Case Lombardi & Pettit
737 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Fax: (808) 523-1888

Any Party may change its address by giving written notice to the other Parties in the manner set forth above.

8. **Entire Agreement; Modification; Waiver.** This Agreement constitutes the entire agreement among the Parties and supersedes all prior and contemporaneous agreements, representations, warranties, and understandings of the Parties, whether oral, written, or implied, as to the subject matter hereof. No supplement, modification, or amendment of this Agreement shall be binding unless executed in writing by all Parties affected thereby. No waiver of any of the provisions of this Agreement shall be deemed or constitute a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the Party making the waiver.

9. **Limitation on Third-Party Beneficiaries.** Nothing contained in this Agreement is intended to confer any rights or remedies under or by reason of this Agreement on any person or entity other than the Parties hereto, nor is anything in this Agreement intended to relieve or discharge the obligation or liability of any third party to any Party to this Agreement, nor shall any provision give any third party any action over or against any Party to this Agreement.

10. **Further Documents.** Each of the Parties hereto agrees to execute any and all documents and to do and perform any and all acts and things reasonably necessary or proper to effectuate or further evidence the terms and provisions of this Agreement.

11. **No Representations or Warranties.** Except as expressly set forth in this Agreement, none of the Parties hereto makes any representation or warranty, written or oral, express or implied.

12. **Headings.** The descriptive headings of the several paragraphs of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

13. **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The Parties' respective signature pages may be exchanged by electronic transmission or facsimile.

14. **No Admissions.** Neither this Agreement nor any of the terms hereof, nor any negotiations or proceedings in connection herewith, shall constitute or be construed as or be deemed to be evidence of admission on the part of any Party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any Party. If the Court does not enter its order authorizing the Trust to enter into this Agreement, this Agreement shall not be admissible in any future proceedings by and among the Parties.

15. **Successors and Assigns.** This Agreement shall inure to the benefit of, and be binding upon, the Parties and their respective agents, legal representatives, predecessors, successors, and assigns.

16. **Choice of Law.** This Agreement shall be governed by and construed in accordance with federal bankruptcy law. Where state or substantive law other than federal bankruptcy law controls, this Agreement shall be governed by the substantive law of the State of Hawaii, without regard to its choice of law rules.

17. **Jurisdiction and Venue.** Any controversies regarding this Agreement shall be resolved in the Court. Any action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Court, which shall retain jurisdiction over the subject matter and Parties for this purpose.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the day and year first written above.

AZABU LIQUIDATING TRUST

By: _____
Alvarez & Marsal North America,
Trustee for the Azabu Liquidating Trust
By Steven Varner, Managing Director

KABUSHIKI KAISHA AKA PACIFICA CO., LTD.

By: 加々本 豊 _____
Yutaka Kagamoto
Its: Representative Director

GRASSROOTS MANAGEMENT, LTD.


By: _____
Gracecourt Offshore Inc.
Its: Director

9

U.S. Bankruptcy Court - Hawaii    #05-50011    Dkt # 1995    Filed 10/28/08    Page 13 of 17

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the day and year first written above.

AZABU LIQUIDATING TRUST

By: _____
Alvarez & Marsal North America,
Trustee for the Azabu Liquidating Trust
By Steven Varner, Managing Director

KABUSHIKI KAISHA AKA PACIFICA CO., LTD.

By: Yutaka Kagamoto
Its: Representative Director

GRASSROOT MANAGEMENT LTD

*For and on behalf of*
*GRASSROOT MANAGEMENT LTD*

**GRACECOURT OFFSHORE INC.**
By: Gracecourt Offshore Inc. *Signature(s)*
Its: Director

9

U.S. Bankruptcy Court - Hawaii  #05-50011  Dkt # 1995  Filed 10/28/08  Page 14 of 17

# EXHIBIT "B"

# SUPPLEMENTAL AGREEMENT AND CONDITIONS TO
# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Supplemental Agreement and Conditions to Settlement Agreement and Mutual Release (the "Supplement") is made effective October 3, 2008, by and between the Azabu Liquidating Trust, by and through its duly appointed trustee, Alvarez & Marsal North America, LLC (the "Trust"), on the one hand, and Kabushiki Kaisya Pacifica, aka Pacifica Co., Ltd. ("Pacifica"), and Grassroots Management, Ltd. ("Grassroots") (collectively the "Parties"):

WHEREAS, the Parties have agreed to the "Settlement Agreement and Mutual Release (the "Agreement") concurrently herewith, and all defined terms used herein shall have the meanings set forth in the Agreement; and

WHEREAS, the Agreement provides that the Pacifica Japanese Claims shall be allowed in the amount of $400 million, and the Grassroots Japanese Claims shall be allowed in the amount of $0 (the "Allowed Amounts"); and

WHEREAS the Agreement provides that Pacifica shall receive a payment of $3,250,000 by the Trust in full and final satisfaction of all of the Claims, including without limitation the Pacifica Japanese Claims; and

WHEREAS, the allowance of Japanese Claims will be implemented with the cooperation of Eiji Katayama, the trustee in the Azabu corporate reorganization case pending in the Tokyo District Court (the "Japanese Trustee"), who has previously challenged the Pacifica Japanese Claims and the Grassroots Japanese Claims on grounds consistent with the allegations made by the Trust in the adversary proceeding being prosecuted by the Trust in the United States Bankruptcy Court; and

WHEREAS, the payment of $3,250,000 to Pacifica pursuant to the Agreement is critical to Pacifica and Grassroots receiving the benefits of the Agreement,

NOW, THEREFORE, it is hereby stipulated and agreed as follows:

1. Notwithstanding the absence of such a condition in the Agreement, the Agreement shall be conditioned on the execution of this Supplement by the Japanese Trustee, pursuant to which the Japanese Trustee has agreed not to object to the $3,250,000 payment to Pacifica pursuant to the Agreement or to seek to recover that payment on any grounds whatsoever;

2. By executing this Supplement, the Japanese Trustee provides that consent;

3. The meaning of the "Effective Date" shall be modified to mean the later of the Effective Date as defined in the Agreement or the date that this Supplement is executed by the Japanese Trustee and all Parties; and

478960v 2

U.S. Bankruptcy Court - Hawaii   #05-50011   Dkt # 1995   Filed 10/28/08   Page 16 of 17

4. The Japanese Trustee, Pacifica, and Grassroots will take those steps necessary and file those pleadings reasonably necessary or appropriate to allow the Japanese Claims in the Allowed Amounts, as set forth above, and the Trust will cooperate to the extent that its cooperation is necessary to implement the Settlement.

IN WITNESS WHEREOF, the Parties hereto have caused this Supplement to be executed as of the day and year first written above.

AZABU LIQUIDATING TRUST

By: _____
Alvarez & Marsal North America,
Trustee for the Azabu Liquidating Trust
By Steven Varner, Managing Director


KABUSHIKI KAISYA PACIFICA,
AKA PACIFICA CO., LTD.

By: _____
Ted N. Pettit
Its: Attorney


GRASSROOTS MANAGEMENT, LTD.

By: _____
Ted N. Pettit
Its: Attorney


I agree to the foregoing and will not object to the $3,250,000 payment to Pacifica pursuant to the Agreement. Executed October 20, 2008.

_____
EIJI KATAYAMA
Trustee for Azabu Buildings Co., Ltd.

2

478960v 2

U.S. Bankruptcy Court - Hawaii    #05-50011    Dkt # 1995    Filed 10/28/08    Page 17 of 17