WAGNER CHOI & VERBRUGGE
JAMES A. WAGNER
CHUCK C. CHOI
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
Email: cchoi@hibklaw.com

Attorneys for Reorganized Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>AZABU BUILDINGS COMPANY LTD., aka AZABU TATEMONO K.K.<br><br>Debtor | Case No. 05-50011<br>(Chapter 11)<br><br>Date: December 13, 2010<br>Time: 10:30 a.m.<br>Judge: Hon. Robert J. Faris |

## MOTION FOR ENTRY OF FINAL DECREE
## AND ORDER CLOSING CASE

Azabu Buildings Company, Ltd., the reorganized debtor herein (the "Debtor"), through its undersigned counsel, hereby moves, pursuant to Federal Bankruptcy Rule of Procedure 3022 and 11 U.S.C. §§ 350 and 1101, for entry of a final decree and order closing its chapter 11 case.[1]

---

[1] The related chapter 11 cases of Azabu Newco., Inc. and Azabu FF&E Subsidiary, Inc., and the Azabu U.S.A. Corporation were closed on September 10, 2009.

65494

# JURISDICTION

This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The instant proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court possesses the requisite authority to grant the relief requested herein pursuant to the Joint Plan,[2] the Confirmation Order and 11 U.S.C. § 105(a).

# BACKGROUND

**A.      The Chapter 11 Filing, Confirmation of Joint Plan, Creation of Trust and Bar Date for Objections.**

This case was commenced under chapter 11 of the Bankruptcy Code by the filing of an involuntary petition against the Debtor on November 10, 2005, pursuant to section 303 of the Bankruptcy Code. *See* docket # 1.

---

[2] Capitalized terms not defined herein shall have the meaning given to them in the Second Amended Joint Chapter 11 Plan of Reorganization for Azabu Buildings Company, Ltd., a.k.a. Azabu Tatemono K.K., and Subsequent Filing Entities as of April 23, 2007 (the "Joint Plan") as confirmed by the Order Confirming Debtor's and Official Committee of Unsecured Creditor's Second Amended Joint Chapter 11 Plan of Reorganization for Azabu Buildings Company, Ltd., a.k.a. Azabu Tatemono K.K., and Subsequent Filing Entities as of April 23, 2007 (the "Confirmation Order"), filed and entered in Case No. 05-50011.

On February 1, 2006, the Debtor consented to the entry of an order for relief under chapter 11 of the Bankruptcy Code, and an order for relief was entered. *See* docket # 54.

On April 23, 2007, the Plan Proponents filed the Joint Plan. *See* docket # 981. Commencing June 12, 2007, the Court conducted three days of evidentiary hearings to consider confirmation of the Joint Plan. On June 14, 2007, the Court issued an oral ruling confirming the Joint Plan.

Pursuant to the Confirmation Order, "all Estate Causes of Action shall be AZABU Trust Assets and the Liquidating Trustee . . . shall have the full power and authority to prosecute, compromise or otherwise resolve any and all such Estate Causes of Action, with all recoveries derived therefrom to be AZABU Trust Assets[,]" Confirmation Order, ¶ 49, and "the Liquidating Trustee, as the Estate Representative, shall have authority to investigate, administer, monitor, implement, litigate and settle all Disputed or unresolved Claims . . . ." *Id.* at ¶ 50.

The First Confirmation Implementation Date occurred on July 10, 2007. On the First Confirmation Implementation Date, pursuant to the Confirmation Order and Section 5.7 of the Joint Plan, the Trust was formed. On that date, the Trust engaged Alvarez & Marsal North America, LLC to serve as the Trustee.

Also on the First Confirmation Implementation Date, pursuant to the Confirmation Order and Joint Plan, the Trustee executed the AZABU Liquidating

3
65494
U.S. Bankruptcy Court - Hawaii   #05-50011   Dkt # 2056   Filed 11/15/10   Page 3 of 7

Trust Agreement and the Debtor commenced transferring the Excluded Assets to the Trust. Pursuant to the Confirmation Order, the Joint Plan and the AZABU Liquidating Trust Agreement, the Official Committee of Unsecured Creditors continues to serve as the AZABU Liquidating Trust Committee.

Pursuant to an Order entered on November 5, 2007, the Court granted the Joint Motion for Order Setting Deadline for Filing Objections to Claims and set April 1, 2008 as the Claims Objection Deadline in this case. *See* docket # 1513.

### B.     The Japanese Case and Confirmation of Japanese Plan.

Pursuant to this Court's oral ruling at the Confirmation Hearing, and consistent with paragraph 21 of the Confirmation Order, the Debtor filed a petition to commence the Debtor's Japanese Case on June 25, 2007 with the 8th Division of the Civil Section of the Tokyo District Court (the "TDC"). On August 1, 2007, the TDC issued an order formally commencing the Japanese Case and appointed Mr. Eiji Katayama as trustee in the Japanese Case (the "Japanese Trustee").

On November 14, 2007, the Japanese Trustee submitted a Proposed Reorganization Plan for the Debtor dated November 2, 2007 (the "Japanese Plan") to the TDC. On December 7, 2007, the TDC issued an order confirming the Japanese Plan (the "Japanese Confirmation Order").

The Japanese Confirmation Order was issued prior to the December 10, 2007 deadline for entry of the Japanese Confirmation Order in the Second Amendment to the Acquisition Agreement, which was approved by the Court

4

pursuant to an order entered on May 11, 2007 in the Debtor's case. *See also Certified Translations of Japanese Plan and Japanese Confirmation Order* filed on March 5, 2008, docket # 1767. The Japanese Confirmation Order became final and non-appealable under Japanese law on January 9, 2008.

The Joint Plan defines Effective Date as "the first Business Day (a) on which no stay of the Confirmation Order is in effect and (b) that is at least one Business Day after the date on which the conditions specified in Section 8.1 of the Plan have been satisfied or waived." *See* Joint Plan at § 1.71. The "Conditions Precedent" set forth in Section 8 of the Joint Plan, have been satisfied and the Effective Date of the Joint Plan occurred on December 7, 2007, with the entry of the Japanese Confirmation Order.

### C.     Fourth Amendment and Closing of Equity Sale.

Pursuant to an Order Granting Joint Motion by Plan Proponents and Azabu Liquidating Trustee for Order Approving Fourth Amendment to Acquisition Agreement entered on May 13, 2008, in the Debtor's case, the Court approved the Fourth Amendment to the Acquisition Agreement which, among other things, provides for the Closing of the Equity Sale by no later than July 31, 2008, if the "TDC Amendment Order" (as defined in the Fourth Amendment) has become final and non-appealable in Japan.

On June 3, 2008, the TDC entered the TDC Amendment Order and approved the amended Japanese Plan. The Equity Sale was consummated on July 16, 2008.

### D. Pending Matters and Distributions to Creditors.

Pursuant to an order entered on December 15, 2008, the Court granted the Trust's Motion for Authorization to Make Partial Distribution Pursuant to Azabu Liquidating Trust Agreement ("Distribution Motion"). *See* docket # 2024. The order authorized the Trustee to disburse $82 million to holders of allowed claims. The Trustee made these distributions before year-end.

The Trust has resolved all outstanding claim objections and recently resolved a separate adversary proceeding against the Buyer.

## RELIEF REQUESTED AND BASIS

Pursuant to the Motion, the Debtor seeks an order closing this case and the entry of a final decree in this case. Section 350(a) of the Bankruptcy Code states "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Rule 3022 of the Federal Rules of Bankruptcy Procedure states, "[a]fter an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed.R.Bk.Pro. 3022.

6

A Chapter 11 estate is "full administered" pursuant to Rule 3022 at the point of "substantial consummation" as defined by Section 1101(2) of the Bankruptcy Code. Section 1101(2) defines "substantial consummation" as (1) the transfer of all or substantially all of the property proposed by the plan to be transferred; (2) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of the property dealt with by the plan; and (3) commencement of distribution under the plan. 11 U.S.C. § 1101(2).

As described above, the Equity Sale contemplated under the Joint Plan has closed. At closing, the Trust, as successor to the Debtor, received the sale proceeds. Pursuant to the Distribution Motion, the Trust has distributed most of its assets to holders of allowed unsecured claims. Finally, the outstanding dispute with the Buyer has been resolved and the pending adversary proceeding closed.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court: (a) enter an order closing the case and enter a final decree herein, and (b) grant such additional relief as the Court deems necessary and appropriate.

DATED: Honolulu, Hawaii, November 15, 2010.

Respectfully submitted,

/s/ Chuck C. Choi
JAMES A. WAGNER
CHUCK C. CHOI
Wagner Choi & Verbrugge
Attorney for Reorganized Debtor

7