WATANABE ING LLP
WAYNE K. MAU
First Hawaiian Center, Suite 2300
999 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 544-8339
Facsimile: (808) 544-8399
Email: wmau@wik.com

STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
JEFFREY C. KRAUSE, *admitted pro hac vice*
H. ALEXANDER FISCH, *admitted pro hac vice*
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email: jkrause@stutman.com; afisch@stutman.com

Counsel for the Azabu Liquidating Trust

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| In re | ) | Bankr. Case No. 05-50011 |
|---|---|---|
| | ) | |
| AZABU BUILDINGS COMPANY, LTD., a.k.a. AZABU TATEMONO K.K., | ) ) ) | (Chapter 11) |
| | ) | |
| Debtor. | ) ) | |

# MOTION OF THE AZABU LIQUIDATING TRUST FOR AN ORDER APPROVING FINAL REPORT AND DISCHARGING THE TRUSTEE

544387v1

On November 14, 2007, the Japanese Trustee submitted a Proposed Reorganization Plan for the Debtor dated November 2, 2007 (the "Japanese Plan") to the TDC. On December 7, 2007 Hawaii Time, the TDC issued an order confirming the Japanese Plan (the "Japanese Confirmation Order").

The Japanese Confirmation Order was issued before the December 10, 2007 deadline for entry of the Japanese Confirmation Order in the Second Amendment to the Acquisition Agreement, which was approved by the Court pursuant to an order entered on May 11, 2007 in the Debtor's case. *See also* Certified Translations of Japanese Plan and Japanese Confirmation Order filed on March 5, 2008, in the Debtor's case [Docket No. 1767]. The Japanese Confirmation Order became final and non-appealable under Japanese law on January 9, 2008.

The Joint Plan defines Effective Date as "the first Business Day (a) on which no stay of the Confirmation Order is in effect and (b) that is at least one Business Day after the date on which the conditions specified in Section 8.1 of the Plan have been satisfied or waived." *See* Joint Plan at § 1.71. The "Conditions Precedent" set forth in Section 8 of the Joint Plan, have been satisfied and the Effective Date of the Joint Plan occurred on December 7, 2007, with the entry of the Japanese Confirmation Order.

### D. The Fourth Amendment and Closing of the Equity Sale.

Pursuant to an "Order Granting Joint Motion by Plan Proponents and Azabu Liquidating Trustee for Order Approving Fourth Amendment to Acquisition Agreement" entered on May 13, 2008 in the Debtor's case, the Court approved the Fourth Amendment to the Acquisition Agreement which, among other things, provided for the Closing of the

4

Equity Sale by no later than July 31, 2008, if the "TDC Amendment Order" (as defined in the Fourth Amendment) has become final and non-appealable in Japan.

On June 3, 2008, the TDC entered the TDC Amendment Order and approved the amended Japanese Plan. The Equity Sale was consummated on July 16, 2008.

### E. Resolution of Disputed Claims and Estate Causes of Action.

After the formation of the Trust, the Trustee and its counsel worked diligently to resolve disputed claims and to prosecute estate causes of action. The Trustee succeeded in resolving most disputed claims without engaging in litigation. In addition, the Trustee settled the adversary proceedings concerning the claims of, and the counterclaims asserted against, Beecher and Pacifica/Grassroots. Those Court-approved settlements resolved Beecher's asserted secured claim and disallowed asserted general unsecured claims in excess of $2 billion.

As of the date of this Motion, the Trustee has resolved all disputed claims and liquidated all estate causes of action, including the Trust's objection to the claim of Nippon Loans, LLC; the claims of JLQ, LLC, MDL Seven Co, Ltd., MDL Two Co., Ltd., JTGLQ Company; and the claim for fees, costs and charges asserted by Waikiki First Finance Corporation and Waikiki S.F. LLC; and the Trust's dispute with the Hyatt Corporation and the Buyer.

F.  **The Trust Has Now Been Fully Administered; All Expenses Have Been Paid, and All Trust Assets Have Been Distributed According to the Terms of the Azabu Liquidating Trust Agreement.**

Throughout the Trust's existence, the Trustee has provided reports to the Azabu Liquidating Trust Committee regarding the Trust's activity, and its assets, expenses, and each beneficiary's share of distributions. On November 4, 2010, having liquidated all of the Trust's assets and paid all remaining Trust expenses,[2] the Trustee made a final distribution to Trust beneficiaries. In the aggregate, the Trustee distributed $125,512,477 to Trust beneficiaries, which amount excludes the following fixed settlement payments: the Trustee paid $10.0 million to Beecher, Wac, and Preh; $3.25 million to Pacifica and Grassroots; and $2.6 million to Nippon Loans, LLC, in full satisfaction of their respective claims and beneficial interests in the Trust.

## RELIEF REQUESTED AND BASIS

By this Motion, the Trust seeks entry of an order (i) approving the Report; and (ii) discharging the Trustee under sections 4.9.2 and 7.1 of the Azabu Liquidating Trust Agreement. A copy of the Report is attached hereto as Exhibit "A."

Section 7.1 of the Azabu Liquidating Trust Agreement provides that "[t]he AZABU Liquidating Trust shall terminate by entry of the Final Decree closing the Chapter 11 Case . . . ." Section 4.9.1 of the Azabu Liquidating Trust Agreement requires the Trustee to prepare the Report, providing, in relevant part, as follows:

---

[2] The Trust's aggregate expenses, including the satisfaction of the Debtor's unpaid administrative fees, totaled $14,702,863.

Prior to termination of the . . . Trust, the . . . Trustee shall prepare a [Report], which shall contain the following information: (i) all AZABU Trust Assets including assets originally charged under the . . . Trustee's control; (ii) all funds transferred into and out of, the Reserves; (iii) an accounting of all purchases, sales, gains, losses, and income and expenses in connection with the AZABU Trust Assets during the . . . Trustee's term of service . . . , (iv) a statement setting forth each Beneficiary's share of items of income, gain, loss, deduction or credit and the Distributions to Beneficiaries; (v) the ending balance of all AZABU Trust Assets; (vi) a narrative describing actions taken by the . . . Trustee in the performance of its duties which materially affect the . . . Trust; and (vii) schedule(s) reflecting that:

(a) all adversary proceedings and contested matters have been finally adjudicated by the entry of a Final Order;

(b) all Claims for which the Plan provides for treatment as a distribution of an AZABU Liquidating Trust Interest shall have either: (i) become Allowed Claims and the Holders thereof become Beneficiaries in accordance with the treatment to be given such Allowed Claim pursuant to this Agreement and the Plan; or (ii) been disallowed by a Final Order or been deemed to be a Disallowed Claim in accordance with the terms of the Plan;

(c) all AZABU Trust Assets (including Litigation Claims) have been either: (i) reduced to Cash; or (ii) abandoned by the . . . Trustee, in accordance with the provisions of this Agreement and the Plan; and

(d) all expenses of the . . . Trust have been paid (or will be paid) and all payments and Final

7

> Distributions to be made to Beneficiaries have been made (or will be made) by the . . . Trustee in accordance with the provisions of this Agreement and the Plan.

Section 4.9.2 of the Azabu Liquidating Trust Agreement requires that the Trustee seek an order of the Court approving the Report, as follows:

> The Liquidating Trustee's Final Report, and any audit, or review, thereof, prepared pursuant to the Plan and this Section 4.9, shall be filed with the Bankruptcy Court and served on each Person listed on the Post Effective Date Service List, along with a motion for approval of the Final Report and discharge of the Liquidating Trustee. Upon the entry of the order of the Bankruptcy Court approving the Final Report, the Liquidating Trustee shall be discharged from all liability to the AZABU Liquidating Trust or any Person who or which has had or may then or thereafter have a claim against or the AZABU Liquidating Trust for acts or omissions in the Liquidating Trustee's capacity as the Liquidating Trustee or in any other capacity contemplated by this Trust Agreement or the Plan, unless the Bankruptcy Court orders otherwise for good cause.

The Trustee has now administered all of the Trust's assets and performed all duties required by the Plan and the Azabu Liquidating Trust Agreement. Under the Azabu Liquidating Trust Agreement, all that remains to be done is to obtain an order approving the Report and discharging the Trustee, and obtain a final decree closing the Debtor's case.

The Report provides all of the information described in section 4.9.1 of the Azabu Liquidating Trust Agreement, and the Azabu Liquidating Trust Committee has not requested an audit of the Report. As of this date,

all Trust assets have been distributed, and all Trust expenses have been paid. Upon the entry of an order approving the Report and discharging the Trustee, and the entry of a final decree in this case, the Trust will be closed by operation of section 7.1 of the LTA.

## CONCLUSION

**WHEREFORE**, the Trust respectfully requests that this Court enter an order granting this Motion and (i) approving the Trustee's Report; (ii) granting the Trustee the discharge described in section 4.9.2 of the Azabu Liquidating Trust Agreement; and (iii) granting such additional relief as the Court deems necessary and appropriate.

**Dated: Honolulu, Hawaii,**
November 29, 2010

Respectfully submitted,

/s/ H. Alexander Fisch
JEFFREY C. KRAUSE, AND
H. ALEXANDER FISCH
Stutman, Treister & Glatt
Professional Corporation
Counsel to the Azabu Liquidating Trust

/s/ Wayne K.T. Mau
WAYNE K.T. MAU
Watanabe Ing, LLP
Counsel to the Azabu Liquidating Trust

9

544387v1