WATANABE ING LLP
WAYNE K. MAU
First Hawaiian Center, Suite 2300
999 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 544-8339
Facsimile: (808) 544-8399
Email: wmau@wik.com

STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
JEFFREY C. KRAUSE, *admitted pro hac vice*
H. ALEXANDER FISCH, *admitted pro hac vice*
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email: jkrause@stutman.com; afisch@stutman.com

Counsel for the Azabu Liquidating Trust

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re | ) Bankr. Case No. 05-50011 |
| | ) |
| AZABU BUILDINGS COMPANY, | ) (Chapter 11) |
| LTD., a.k.a. AZABU TATEMONO | ) |
| K.K., | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |

## MOTION OF THE AZABU LIQUIDATING TRUST FOR AN ORDER APPROVING FINAL REPORT AND DISCHARGING THE TRUSTEE

544387v1

# EXHIBIT "A"

The Azabu Liquidating Trust (the "Trust"), by Alvarez &
Marsal North America, LLC, as Trustee of the Trust (the "Trustee"), hereby
moves for an order (i) approving the final report (the "Report") of the
Trustee; and (ii) discharging the Trustee. In support of this Motion, the
Trust respectfully represents as follows:

## JURISDICTION

This Court has jurisdiction over the subject matter of this
Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this
District pursuant to 28 U.S.C. § 1409. The instant proceeding is a core
proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court possesses the
requisite authority to grant the relief requested herein pursuant to sections
105(a), 1141 and 1142 of the Bankruptcy Code and Bankruptcy Rule
3020(d).

## BACKGROUND

### A.    The Chapter 11 Filing.

This case was commenced under chapter 11 of the Bankruptcy
Code by the filing of an involuntary petition against the Debtor[1] on
November 10, 2005 pursuant to section 303 of the Bankruptcy Code. On
February 1, 2006, the Debtor consented to the entry of an order for relief
under chapter 11, and an order for relief was entered.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings
set forth in the Debtor's And Official Committee Of Unsecured Creditor's
Second Amended Joint Chapter 11 Plan Of Reorganization For Azabu
Buildings Company, Ltd., a.k.a. Azabu Tatemono K.K., And Subsequent
Filing Entities, Dated As of April 23, 2007 (the "Plan"), as modified by
the order confirming the Plan dated June 28, 2007 (the "Confirmation
Order").

544387v1

U.S. Bankruptcy Court - Hawaii  #05-50011  Dkt # 2069-1  Filed  12/09/10  Page 2 of 38

### B.    The Confirmed Plan of Reorganization and the Creation of the Azabu Liquidating Trust.

Pursuant to the Confirmation Order, "at such time as provided for in the Plan and the Azabu Liquidating Trust Agreement, the Azabu Liquidating Trust Agreement shall become effective and the holders of Claims shall receive an allocation Azabu Liquidating Trust Interests. The rights and obligations of holders of Azabu Liquidating Trust Interests shall be governed by the Plan and Azabu Liquidating Trust Agreement." *Id.* at ¶ 27.

The First Confirmation Implementation Date occurred on July 10, 2007. On the First Confirmation Implementation Date, pursuant to the Confirmation Order and Section 5.7 of the Plan, the Trust was formed. On that date, the Trust engaged the Trustee. Also on the First Confirmation Implementation Date pursuant to the Confirmation Order and Plan, the Trustee executed the Azabu Liquidating Trust Agreement and the Debtor commenced transferring the Excluded Assets to the Trust. Pursuant to the Confirmation Order, Plan and Azabu Liquidating Trust Agreement, the Official Committee of Unsecured Creditors continues to serve as the Azabu Liquidating Trust Committee.

### C.    The Japanese Case and Confirmation of the Japanese Plan.

Pursuant to this Court's oral ruling at the Confirmation Hearing, and consistent with paragraph 21 of the Confirmation Order, the Debtor filed the Japanese Case on June 25, 2007. An order formally commencing the Japanese Case (the "Commencement Order") was entered by the Tokyo District Court ("TDC") on August 1, 2007, and Mr. Eiji Katayama was appointed as trustee in the Japanese Case.

544387v1

U.S. Bankruptcy Court - Hawaii   #05-50011   Dkt # 2069-1   Filed 12/09/10   Page 3 of 38

On November 14, 2007, the Japanese Trustee submitted a Proposed Reorganization Plan for the Debtor dated November 2, 2007 (the "Japanese Plan") to the TDC. On December 7, 2007 Hawaii Time, the TDC issued an order confirming the Japanese Plan (the "Japanese Confirmation Order").

The Japanese Confirmation Order was issued before the December 10, 2007 deadline for entry of the Japanese Confirmation Order in the Second Amendment to the Acquisition Agreement, which was approved by the Court pursuant to an order entered on May 11, 2007 in the Debtor's case. *See also* Certified Translations of Japanese Plan and Japanese Confirmation Order filed on March 5, 2008, in the Debtor's case [Docket No. 1767]. The Japanese Confirmation Order became final and non-appealable under Japanese law on January 9, 2008.

The Joint Plan defines Effective Date as "the first Business Day (a) on which no stay of the Confirmation Order is in effect and (b) that is at least one Business Day after the date on which the conditions specified in Section 8.1 of the Plan have been satisfied or waived." *See* Joint Plan at § 1.71. The "Conditions Precedent" set forth in Section 8 of the Joint Plan, have been satisfied and the Effective Date of the Joint Plan occurred on December 7, 2007, with the entry of the Japanese Confirmation Order.

**D.    The Fourth Amendment and Closing of the Equity Sale.**

Pursuant to an "Order Granting Joint Motion by Plan Proponents and Azabu Liquidating Trustee for Order Approving Fourth Amendment to Acquisition Agreement" entered on May 13, 2008 in the Debtor's case, the Court approved the Fourth Amendment to the Acquisition Agreement which, among other things, provided for the Closing of the

544387v1

Equity Sale by no later than July 31, 2008, if the "TDC Amendment Order" (as defined in the Fourth Amendment) has become final and non-appealable in Japan.

On June 3, 2008, the TDC entered the TDC Amendment Order and approved the amended Japanese Plan. The Equity Sale was consummated on July 16, 2008.

### E.    Resolution of Disputed Claims and Estate Causes of Action.

After the formation of the Trust, the Trustee and its counsel worked diligently to resolve disputed claims and to prosecute estate causes of action. The Trustee succeeded in resolving most disputed claims without engaging in litigation. In addition, the Trustee settled the adversary proceedings concerning the claims of, and the counterclaims asserted against, Beecher and Pacifica/Grassroots. Those Court-approved settlements resolved Beecher's asserted secured claim and disallowed asserted general unsecured claims in excess of $2 billion.

As of the date of this Motion, the Trustee has resolved all disputed claims and liquidated all estate causes of action, including the Trust's objection to the claim of Nippon Loans, LLC; the claims of JLQ, LLC, MDL Seven Co, Ltd., MDL Two Co., Ltd., JTGLQ Company; and the claim for fees, costs and charges asserted by Waikiki First Finance Corporation and Waikiki S.F. LLC; and the Trust's dispute with the Hyatt Corporation and the Buyer.

544387v1

**F.    The Trust Has Now Been Fully Administered; All Expenses Have Been Paid, and All Trust Assets Have Been Distributed According to the Terms of the Azabu Liquidating Trust Agreement.**

Throughout the Trust's existence, the Trustee has provided reports to the Azabu Liquidating Trust Committee regarding the Trust's activity, and its assets, expenses, and each beneficiary's share of distributions.  On November 4, 2010, having liquidated all of the Trust's assets and paid all remaining Trust expenses,[2] the Trustee made a final distribution to Trust beneficiaries.  In the aggregate, the Trustee distributed $125,512,477 to Trust beneficiaries, which amount excludes the following fixed settlement payments: the Trustee paid $10.0 million to Beecher, Wac, and Preh; $3.25 million to Pacifica and Grassroots; and $2.6 million to Nippon Loans, LLC, in full satisfaction of their respective claims and beneficial interests in the Trust.

### RELIEF REQUESTED AND BASIS

By this Motion, the Trust seeks entry of an order (i) approving the Report; and (ii) discharging the Trustee under sections 4.9.2 and 7.1 of the Azabu Liquidating Trust Agreement.  A copy of the Report is attached hereto as Exhibit "A."

Section 7.1 of the Azabu Liquidating Trust Agreement provides that "[t]he AZABU Liquidating Trust shall terminate by entry of the Final Decree closing the Chapter 11 Case . . . ."  Section 4.9.1 of the Azabu Liquidating Trust Agreement requires the Trustee to prepare the Report, providing, in relevant part, as follows:

---

[2]    The Trust's aggregate expenses, including the satisfaction of the Debtor's unpaid administrative fees, totaled $14,702,863.

6

544387v1

Prior to termination of the . . . Trust, the . . . Trustee shall prepare a [Report], which shall contain the following information: (i) all AZABU Trust Assets including assets originally charged under the . . . Trustee's control; (ii) all funds transferred into and out of, the Reserves; (iii) an accounting of all purchases, sales, gains, losses, and income and expenses in connection with the AZABU Trust Assets during the . . . Trustee's term of service . . . , (iv) a statement setting forth each Beneficiary's share of items of income, gain, loss, deduction or credit and the Distributions to Beneficiaries; (v) the ending balance of all AZABU Trust Assets; (vi) a narrative describing actions taken by the . . . Trustee in the performance of its duties which materially affect the . . . Trust; and (vii) schedule(s) reflecting that:

(a) all adversary proceedings and contested matters have been finally adjudicated by the entry of a Final Order;

(b) all Claims for which the Plan provides for treatment as a distribution of an AZABU Liquidating Trust Interest shall have either: (i) become Allowed Claims and the Holders thereof become Beneficiaries in accordance with the treatment to be given such Allowed Claim pursuant to this Agreement and the Plan; or (ii) been disallowed by a Final Order or been deemed to be a Disallowed Claim in accordance with the terms of the Plan;

(c) all AZABU Trust Assets (including Litigation Claims) have been either: (i) reduced to Cash; or (ii) abandoned by the . . . Trustee, in accordance with the provisions of this Agreement and the Plan; and

(d) all expenses of the . . . Trust have been paid (or will be paid) and all payments and Final

7

544387v1

Distributions to be made to Beneficiaries have
been made (or will be made) by the . . . Trustee in
accordance with the provisions of this Agreement
and the Plan.

Section 4.9.2 of the Azabu Liquidating Trust Agreement
requires that the Trustee seek an order of the Court approving the Report, as
follows:

The Liquidating Trustee's Final Report, and
any audit, or review, thereof, prepared pursuant to
the Plan and this Section 4.9, shall be filed with the
Bankruptcy Court and served on each Person listed
on the Post Effective Date Service List, along with
a motion for approval of the Final Report and
discharge of the Liquidating Trustee. Upon the
entry of the order of the Bankruptcy Court
approving the Final Report, the Liquidating
Trustee shall be discharged from all liability to the
AZABU Liquidating Trust or any Person who or
which has had or may then or thereafter have a
claim against or the AZABU Liquidating Trust for
acts or omissions in the Liquidating Trustee's
capacity as the Liquidating Trustee or in any other
capacity contemplated by this Trust Agreement or
the Plan, unless the Bankruptcy Court orders
otherwise for good cause.

The Trustee has now administered all of the Trust's assets and
performed all duties required by the Plan and the Azabu Liquidating Trust
Agreement. Under the Azabu Liquidating Trust Agreement, all that remains
to be done is to obtain an order approving the Report and discharging the
Trustee, and obtain a final decree closing the Debtor's case.

The Report provides all of the information described in section
4.9.1 of the Azabu Liquidating Trust Agreement, and the Azabu Liquidating
Trust Committee has not requested an audit of the Report. As of this date,

544387v1

all Trust assets have been distributed, and all Trust expenses have been paid. Upon the entry of an order approving the Report and discharging the Trustee, and the entry of a final decree in this case, the Trust will be closed by operation of section 7.1 of the LTA.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that this Court enter an order granting this Motion and (i) approving the Trustee's Report; (ii) granting the Trustee the discharge described in section 4.9.2 of the Azabu Liquidating Trust Agreement; and (iii) granting such additional relief as the Court deems necessary and appropriate.

**Dated:**   **Honolulu, Hawaii,**
        November 29, 2010

Respectfully submitted,

/s/ H. Alexander Fisch
JEFFREY C. KRAUSE, AND
H. ALEXANDER FISCH
Stutman, Treister & Glatt
Professional Corporation
Counsel to the Azabu Liquidating Trust

/s/ Wayne K.T. Mau
WAYNE K.T. MAU
Watanabe Ing, LLP
Counsel to the Azabu Liquidating Trust

9

544387v1

# FINAL REPORT OF THE AZABU LIQUIDATING TRUSTEE

Alvarez & Marsal North America, in its capacity as the trustee (the "Trustee") for the Azabu Liquidating Trust (the "Trust"), hereby submits this final report ("Final Report") pursuant to section 4.9.1 and 4.9.2 of the Azabu Liquidating Trust Agreement.

## I. BACKGROUND

On November 10, 2005, an involuntary chapter 11 petition concerning Azabu Buildings Company, Ltd. a.k.a. Azabu Tatemono K.K. ("Azabu" or the "Debtor") was filed in the United States Bankruptcy Court for the District of Hawaii (the "Court"), commencing case number 05-50011 (the "Bankruptcy Case"). On February 1, 2006, Azabo consented to the entry of an order for relief and such order was entered.

Azabu's primary assets were the Hyatt Regency Resort & Spa (the "Hotel") and the stock of Azabu USA Corp. ("AUSA").

On June 28, 2007, the Court entered an order (the "Confirmation Order") confirming the "Debtor's and Official Committee of Unsecured Creditor's Second Amended Joint Chapter 11 Plan of Reorganization for Azabu Buildings Co., Ltd., a.k.a. Azabu Tatemono K.K. and Subsequent Filing Entities as of April 23, 2007" (the "Plan"). The Plan was premised on the sale of Azabu's equity to Hyatt Coporation ("Hyatt") or its nominee, in exchange for $445 million, under the "Acquisition Agreement by and between Azabu Buildings Company, Ltd a/k/a Azabu Tatemono K.K. and Hyatt Corporation," as subsequently amended (the "Acquisition Agreement").

The Trust was formed on July 10, 2007 under the laws of Hawaii, as contemplated by the Confirmation Order and Section 5.7 of the

**EXHIBIT "A"**

Plan. On that date, Azabu began transferring the Excluded Assets (as defined in the Plan) to the Trust, and the Trust engaged the Trustee. Also on that date, the holders of claims against Azabu received an allocation of Azabu Liquidating Trust interests. Consistent with the Confirmation Order, Plan, and Azabu Liquidating Trust Agreement (the "LTA"), the Official Committee of Unsecured Creditors appointed in the Bankruptcy Case served as the Azabu Liquidating Trust Committee.

At the hearing regarding confirmation of the Plan, the Court authorized the Debtor to file a corporate reorganization case in the Tokyo District Court (the "Japanese Case") to implement the Plan. *See also* Confirmation Order ¶ 21. On June 25, 2007, the Debtor filed the Japanese Case. The Tokyo District Court entered an order formally commencing the Japanese Case on August 1, 2007, and Mr. Eiji Katayama was appointed as trustee (the "Japanese Trustee").

On December 6, 2007 Hawaii Time, the Tokyo District Court issued an order confirming a Japanese plan of reorganization with respect to Azabu, as required by the Plan. Accordingly, the Plan became effective on December 7, 2007, under sections 1.71, 5.16, and 8.1 of the Plan. The Japanese Case was closed on December 5, 2008.

## II. MATERIAL ACTIONS TAKEN BY THE TRUSTEE IN THE PERFORMANCE OF ITS DUTIES[1]

Following the confirmation of the Plan and formation of the Trust, the Trustee took responsibility under the LTA to (i) receive and maintain Trust assets for the benefit of the Trust's beneficiaries, (ii) oversee and direct the orderly liquidation of the Trust's assets for the benefit of the

---

[1] This narrative provides only a summary of the actions taken by the Trustee in successfully discharging its duties.

545002v1

U.S. Bankruptcy Court - Hawaii  #05-50011  Dkt # 2069-1  Filed 12/09/10  Page 11 of 38

beneficiaries, and (iii) distribute the Trust assets to the beneficiaries under the terms of the Plan, the Confirmation Order, and the LTA.

### A.     The Japanese Case.

The Japanese Case was an integral part of the implementation of the Plan, and a condition to the effectiveness of the Acquisition Agreement. The Trustee coordinated the efforts of U.S. and Japan professionals to move the Japanese Case forward on a tight timeline to meet deadlines imposed in the Acquisition Agreement. The Trustee engaged the Debtor's Japanese counsel, Bingham McCutchen Murase Sakai Mimura Aizawa, and the Committee's Japanese counsel, Kajitani Law Offices, to manage the Japanese Case and work with the Japanese Trustee.

Throughout this process, issues arose in the Japanese Case that required action in the Bankruptcy Case to protect the interests of Trust beneficiaries under U.S. and Japanese law and comply with both legal regimes while ensuring that the Plan and the Japanese Plan were not inconsistent. For example, the Trust caused claims to be filed in the Japanese Case on behalf of all creditors who filed claims in the Bankruptcy Case. The order commencing the Japanese Case required the Japanese Trustee to investigate claims filed in the Japanese Case, and established a deadline by which the Japanese Trustee would have to file a statement regarding the approval or disapproval of such claims. The Japanese Trustee filed a timely statement, disallowing certain claims for purposes of the Japanese Case that were disputed by the Trustee in the Bankruptcy Case. Creditors with such disputed claims sought to preserve their rights in the Japanese Case by filing "assessment motions." The Trustee worked with creditors to obtain limited relief from stay to permit such filings, thus

U.S. Bankruptcy Court - Hawaii  #05-50011  Dkt # 2069-1  Filed 12/09/10  Page 12 of 38

ensuring that the Japanese Case would not prejudice any rights in the Bankruptcy Case and that the treatment of claims in both cases was consistent.

The treatment of disputed claims also presented an issue in connection with voting on the Japanese Plan. The Tokyo District Court estimated claims that had been disallowed by the Japanese Trustee for the purpose of voting on the Japanese Plan. Certain creditors expressed concern that a vote in favor of the Japanese Plan might prejudice their right to assert their claims in full in the Bankruptcy Case. Accordingly, the Trustee worked with counsel for the Debtor and professionals in Japan to obtain an order making clear that the mere act of voting a claim in favor of or against the Japanese Plan would not be deemed an acceptance or endorsement of the allowable amount of any disputed claim. [Docket No. 1553].

Obtaining confirmation of the Japanese Plan required significant coordination between Japanese and U.S. counsel. The Japanese Plan had to be consistent with the Plan, and the Trustee, with his counsel, worked with Japanese counsel and the Japanese Trustee to assure that the plans would be harmonious. For example, the Plan contemplated that certain funds held by Chuo Mitsui Trust & Banking ("CMTB") in Tokyo, which were the subject of a disputed setoff asserted by CMTB and disputed prepetition asserted garnishments by the Resolution & Collection Corporation (the "RCC") and Beecher Ltd. ("Beecher"), (the "Lock Box") were to be transferred from CMTB directly to the Trust. However, the Japanese Plan required that the funds in the Lock Box were to be transferred initially to an account controlled by the Japanese Trustee before being transferred to the Trust. To transfer the Lock Box funds, CMTB required, in accordance with customary Japanese banking procedures, various

4

documents from Azabu as well as the return or cancellation of certain instruments. This requirement gave rise to a concern among the parties asserting interests in the Lock Box that the transfer might prejudice their asserted rights in the Lock Box, as preserved by the Plan, Confirmation Order, and various related settlements. To address these concerns, the Trustee, with the Debtor, entered into a stipulation that preserved the status quo with respect to the rights of the affected parties in the Lock Box [Docket No. 1609], and the Trust received the Lock Box funds.

The efforts of the Trustee and his professionals ultimately resulted in the confirmation of the Japanese Plan, thus completing an important step to implementing the Plan and paving the way for the closing of the sale of the Debtor's stock.

**B.    The Trustee Closed the Sale of the Debtor's Equity to Hyatt.**

For a variety of reasons, the sale of the reorganized Debtor's equity did not close until July 16, 2008 (the "Closing Date"). Before the original December 31, 2007 closing deadline, Hyatt's nominee under the Acquisition Agreement, W2007 WKH Holdings, LLC (the "Buyer"), requested more time to close the transaction. With the advice of its professionals and consent of the Trust Committee, the Trustee agreed to an extension of the closing date, and the parties entered into the "Third Amendment to Acquisition Agreement", which was approved by order entered March 14, 2008.

In March 2008, the Buyer informed the Debtor and the Trustee that it would not purchase the Debtor's stock at the agreed upon $445 million purchase price. The Debtor and the Trustee agreed that, notwithstanding the Buyer's repudiation, a reduced price of $410 million represented the best

5

U.S. Bankruptcy Court - Hawaii   #05-50011   Dkt # 2069-1   Filed 12/09/10   Page 14 of 38

option available to the estate given the financial performance of the Hotel, the pending maturity of certain secured obligations, the state of capital markets and resulting limitation on alternatives, and the general economic climate. Based on that conclusion, the parties entered into a "Fourth Amendment to the Acquisition Agreement") (the "Fourth Amendment"). *See* "Joint Motion by Plan Proponents and Azabu Liquidating Trust for Approval of Fourth Amendment to Acquisition Agreement" [Docket No. 1883] (Declarations of Peter S. Fishman of HLHZ and Josiah M. Daniel, III, chair of the Trust Committee).

The Buyer closed at the reduced $410 million purchase price. The essence of the transaction was as follows: (1) a reorganization under section 368(a)(1)(F) of the Internal Revenue Code (often called an "F Reorg"), which converted the Debtor from a Japanese corporation to a Delaware corporation; (2) cancellation of the stock issued to the Debtor's shareholders; and (3) issuance of new stock to the Buyer in exchange for cash delivered to the Trust.

The lesser purchase price reduced the after tax benefits of the structure implemented by the Plan, but still benefited Trust beneficiaries as compared to a hypothetical and relatively quick sale of the Debtor's assets to the Buyer under section 363 of the Bankruptcy Code at the original purchase price. Nonetheless, the delay in closing imposed some additional burdens on the Trust and Trustee. For example, under the "Waikiki Entities' Global Settlement Agreement" entered into in connection with the confirmation of the Plan, if Waikiki First Finance Corporation and Waikiki S.F. LLC (collectively, the "Waikiki Entities") were not paid in full by June 30, 2008, the Waikiki Entities could enforce all of their rights and remedies under applicable non-bankruptcy law. Implementation of the Fourth Amendment

6

U.S. Bankruptcy Court - Hawaii  #05-50011  Dkt # 2069-1  Filed 12/09/10  Page 15 of 38

required confirmation of an amended plan for the Debtor by the Tokyo District Court, which delayed the closing beyond the June 30, 2008 due date for payment in full of the allowed secured claims of the Waikiki Entities. Accordingly, the Trustee requested that the Waikiki Entities forbear from exercising the rights and remedies that would have become available to them as of July 1, 2008. After several weeks of negotiation, the parties entered into a forbearance agreement to facilitate confirmation of the amended Japanese Plan and payment in full of the Waikiki Entities' claims from the proceeds of the sale of the Debtor's equity.

C.    **The Trustee's Investigation of Claims.**

At the time that the Trust was formed, certain claims asserted against Azabu were disputed, and Azabu's estate held certain causes of action. The Confirmation Order provided that "all Estate Causes of Action shall be AZABU Trust Assets and the Liquidating Trustee . . . shall have the full power and authority to prosecute, compromise or otherwise resolve any and all such Estate Causes of Action, with all recoveries derived therefrom to be AZABU Trust Assets[,]" Confirmation Order at ¶ 49, and "the Liquidating Trustee, as the Estate Representative, shall have authority to investigate, administer, monitor, implement, litigate and settle all Disputed or unresolved Claims . . . ." *Id.* at ¶ 50.

After the formation of the Trust, the Trustee, with the assistance of U.S. and Japanese counsel, investigated the claims asserted against the Debtor.[2] This investigation included reviewing the Debtor's books and

---

[2]    Before the confirmation of the Plan, Japanese and U.S. counsel for the Debtor, Wagner, Choi, and Evers, Attorneys at Law and Bingham McCutchen Murase, Sakai Mimura Aizawa, Foreign Law Joint Enterprise, as well as Japanese and U.S. counsel for the Committee and later the Trust, Stutman, Treister & Glatt Professional Corporation and Kajitani Law Offices, investigated the bona fides of claims under both

7

records, the proofs of claim submitted in the Bankruptcy Case and the Japanese Case, and documents submitted in connection with proofs of claim. The Trust's Japanese counsel also solicited creditors to provide additional information in support of their claims. The Trust's U.S. counsel presented the same request to U.S. counsel who had appeared or filed proofs of claim on behalf of creditors. The Trustee and its counsel reviewed all materials provided by creditors in response to such requests, and, in many cases, followed up with creditors to request additional, specific documentation in support of such creditors' claims.

Based on the Trustee's analysis of, and investigation regarding, claims against Azabu, the Trustee objected to claims on their merits, and filed objections to liquidate yen denominated claims into dollar denominated claims and mitigate certain procedural side-effects resulting from the mirror U.S. and Japanese plans of reorganization.

**D.** **Prosecution and Settlement of the Beecher and the Pacifica/Grassroots Adversary Proceedings.**

One of the more significant claim disputes inherited by the Trust related to Beecher. Beecher contended that it held a claim secured by a judgment lien on the Debtor's assets totaling more than $73 million, as well as a significant unsecured claim. On June 29, 2007, Azabu had filed its "Objection To Claims Asserted By Beecher, Ltd. And Counterclaims," which initiated adversary proceeding number 07-90043 (the "Beecher Litigation"), objecting and asserting certain counterclaims to the claims asserted by Beecher. The Trust was substituted in as the sole plaintiff in the Beecher Litigation by order dated August 23, 2007. The Beecher Litigation

---

Japanese and U.S. law, as well as attempted to coordinate the claims resolution procedure in the Bankruptcy Case and the Japanese Case.

545002v1

spilled into the Japanese Case, and litigation was pending in the Tokyo District Court by and among Beecher, Wac, Preh, Azabu and the Japanese Trustee, including (i) a pending suit filed by Beecher on November 9, 2004; (ii) a judgment against Azabu in favor of Mitsui Manufacturers Bank, which was transferred to Beecher; (iii) the Japanese trustee's suit against Beecher filed on November 14, 2007, and (iv) an assessment motion by each of the Beecher, Wac and Preh filed on November 14, 2007. The Trustee also continued litigation with Beecher in state court that was pending when the Debtor's case commenced. That state court litigation ultimately resulted in a decision by the Hawaii Intermediate Court of Appeals that affirmed an order that had expunged Beecher's judgment lien. *See Beecher Ltd. v. Alvarez & Marsal North America, LLC*, slip. op. (Hawaii App. No. 28011, Mar. 7, 2008).

To eliminate the uncertainty attendant to further appeal or other litigation, Beecher, its affiliates, and the Trustee settled their disputes. Pursuant to the "Settlement Agreement and Mutual Release" dated August 18, 2008 (the "Beecher Entities Settlement"), the Trust agreed to pay an aggregate total of $10.0 million to Beecher Ltd., Wac, Inc., and Preh, Inc., and the Trust, on the one hand, and each of Beecher, Wac, and Preh, on the other, agreed to release all claims against each other. The Trust and Beecher further agreed to stipulate to the dismissal of adversary proceeding number 07-90043, the Trust agreed to withdraw its objections to the claims asserted by Wac and Preh, and the "Motion Pursuant To 11 U.S.C. §§ 105(a) And 506, Federal Rule of Bankruptcy Procedure 3012, And Beecher Plan Settlement Order To Determine Reserve With Respect To Disputed Secured Claim Asserted By Beecher, Ltd.," filed December 7, 2007, and Beecher, Wac, and Preh agreed to withdraw their filed claims against the Debtor. The

9

Beecher Entities Settlement also resolved all matters pending before the Tokyo District Court. The Court approved the Beecher Entities Settlement by order dated September 9, 2008 [Docket No. 1968 & Adv. Pro. No. 07-90043 Docket No. 155].

Also significant was the Trust's objection to the claims of Kabushiki Kaisya Pacifica, aka Pacifica Co., Ltd. ("Pacifica"), and Grassroots Management, Ltd. ("Grassroots"). Pacifica had filed a proof of claim asserting an unsecured claim in the approximate amount of $1,207.7 million. Grassroots had filed a proof of claim asserting an unsecured claim in the approximately amount of $266.4 million. On October 17, 2007, the Trust commenced adversary proceeding number 07-90056 by filing an objection and counterclaim, in which the Trust objected to the Pacifica and Grassroots claims and sought to equitably subordinate each of them or to limit the distribution on account of each to the amount actually paid for such claim. By stipulation approved March 27, 2008, Pacifica and Grassroots agreed to certain modifications of their claims, including the reduction of a portion of Pacifica's claims, withdrawal of any claim to interest after the Debtor's petition date and the conversion of yen denominated claims into United States dollars at the rate of 118.23 yen to the dollar.

The Trust, on the one hand, and Pacifica and Grassroots, on the other, agreed to the terms of a "Settlement Agreement and Mutual Release," which provided that the Trust would pay Pacifica and Grassroots the fixed sum of $3.25 million and Pacifica and Grassroots would waive and release all claims against the Trust. The Court approved that settlement by order dated October 28, 2008 [Docket No. 1995], and, on November 24, 2008, adversary proceeding number 07-90056 was dismissed.

10

545002v1

By resolving the objections asserted to the claims of Beecher, Pacifica, and Grassroots, the Trustee significantly reduced the impact of Beecher's asserted secured claim, and disallowed asserted general unsecured claims in excess of $2 billion.

**E.  Other Objections to Claims.**

On January 18, 2008, the Trust filed an omnibus objection to claims filed by nineteen creditors.  [Docket No. 1665].  The omnibus objection sought to reduce Japanese yen denominated claims asserted against the Debtor to U.S. dollars, and disallow duplicate claims, postpetition interest, and penalties.  The Trust's omnibus objection was sustained with respect to each of the affected claims on March 13, 2008 [Docket No. 1817].

The Trust also filed objections to several specific claims other than those asserted by Beecher, Pacifica, and Grassroots, summarized as follows:

| Claim Number | Claimant | Docket No. of Objection | Docket No. Resolving Objection |
|---|---|---|---|
| 1 | Department of the Treasury Internal Revenue Service | 1492 | 1687 |
| 5 | Nippon Loans, LLC | 1493 | 2040 |
| 12 | Izanagi Capital | 1474 | 1839 |
| 19 | Japan Collection Service Co., Ltd | 1462 | 1689 |
| 27 | C.K. (Nevada) Corp. | 1464 | 1642 & 1852 |
| 28 | As Try Loan Services Corp. | 1475 | 1696 |

11

545002v1

| Claim Number | Claimant | Docket No. of Objection | Docket No. Resolving Objection |
|---|---|---|---|
| 30 | Preh, Inc. | 1504 | 1968; Adv. Pro. 07-90043, Docket No. 155 |
| 31 | Wac, Inc. | 1494 | 1968; Adv. Pro. 07-90043, Docket No. 155 |
| 34 | JLQ, LLC; K.K. Minato Saiken Kaishu on behalf of JLQ, LLC | 2014 | 2039 |
| 35 | MDL Seven Co, Ltd.; K.K. Minato Saiken Kaishu on behalf of MDL Seven Co., Ltd. | 2016 | 2039 |
| 36 | MDL Two Co., Ltd.; K.K. Minato Saiken Kaishu on behalf of MDL Two-Co., Ltd. | 2017 | 2039 |
| 37 | JTGLQ Company; K.K. Minato Saiken Kaishu on behalf of JTGLQ Company | 2015 | 2039 |
| 38 | Sunrise Finance Co., Ltd. | 1488 | 1698 |
| 49 | Tokai-Kogyo Co., Ltd | 1466 | Amended Proof of Claim; Adv. Pro. 07-90055, Docket No. 3 |
| 51 | Global Asset Management Co., Ltd. | 1533 | 1698 |

Additionally, the Trust disputed the claim of the RCC that approximately $31.4 million of its claim was secured by funds in the Lock Box pursuant to a garnishment issued by the Tokyo District Court on August 9, 2004. The Trustee obtained a consensual resolution of the RCC's garnishment claim without litigation. *See* "Order Approving Stipulation

545002v1

U.S. Bankruptcy Court - Hawaii  #05-50011  Dkt # 2069-1  Filed  12/09/10  Page 21 of 38

Between The Resolution And Collection Corporation And The Azabu Liquidating Trust Re: Allowance of Unsecured Claim" [Docket No. 1985].

Finally, the Waikiki Entities contended that they were owed approximately $1.8 million relating to fees, costs, and charges (the "Waikiki Entities Fees/Charges"), which they asserted to be recoverable under prepetition loan agreements. The Trust contended that no such amounts were owed. Pursuant to the "Order Authorizing Azabu Liquidating Trust and Debtor to Enter into 'Closing Agreement'" [Docket No. 1948], the Trustee reserved approximately $7.2 million for the benefit of the Waikiki Entities, and the parties worked to resolve the dispute consensually. The Trustee and the Waikiki Entities ultimately agreed to settle any and all claims of the Waikiki Entities in exchange for a payment of $756,083 from the Trust to the Waikiki Entities.

**F.    Litigation with the Buyer and Hyatt.**

A final dispute arose out of the closing of the sale of Azabu's equity to the Buyer. Section 2.5(a) of the Acquisition Agreement contemplated that the Debtor would establish a cash reserve (the "Cash Reserve") to reimburse the Buyer for operational expenses that accrued before the Closing Date and subsequently came due and were paid by the Buyer. On or about November 20, 2008, the Buyer prepared and delivered to the Trustee an accounting, in which it set forth such "Ordinary Course Operational Claims" that the Buyer sought to recover from the Cash Reserve and the Trust. The Trustee objected to this accounting and asserted a right to recover the Cash Reserve and certain capital expenditure reserve funds established under section 2.5(b) of the Acquisition Agreement.

13

U.S. Bankruptcy Court - Hawaii  #05-50011  Dkt # 2069-1  Filed  12/09/10  Page 22 of 38

Following informal attempts by the parties to resolve the dispute, on June 4, 2010, the Trustee initiated adversary proceeding number 10-90087, titled *Azabu Liquidating Trust v. Hyatt Corporation and W2007 WKH Holdings, LLC fka W2007 Waikiki Holdings, LLC* seeking the recovery of money due from the Buyer and Hyatt under the Acquisition Agreement. The Trustee, Hyatt, and the Buyer reached a consensual resolution of their dispute, whereby the Trustee, on the one hand, and Hyatt and the Buyer, on the other, exchanged releases, and (1) Hyatt paid $500,000 to the Trust; (2) the Buyer paid $850,000 to the Trust; and (3) the Buyer and Hyatt released any claim to a certain federal tax refund totaling $184,853, including accrued interest.

### G. The Trustee Has Liquidated and Distributed the Assets of the Trust.

From time to time, as the Trust received funds on account of the sale of the Debtor's equity and the liquidation of assets, or gained certainty regarding the magnitude of interests in the Trust as a result of resolving disputed claims, the Trustee distributed Trust assets to the Trust's beneficiaries, while maintaining adequate reserves to provide for disputed claims and administrative expenses. On November 4, 2010, having liquidated all of the Trust's assets and paid, or reserved for, all remaining Trust expenses,[3] the Trustee made a final distribution to Trust beneficiaries. In the aggregate, the Trustee distributed $125,512,477 to Trust beneficiaries, which amount excludes the following fixed settlement payments: the Trustee paid $10.0 million to Beecher, Wac, and Preh; $3.25 million to Pacifica and

---

[3] The Trust's aggregate expenses, including the satisfaction of the Debtor's unpaid administrative fees, totaled $14,702,863.

14

545002v1

Grassroots; and $2.6 million to Nippon Loans, LLC, in full satisfaction of their respective claims and beneficial interests in the Trust.

## III.  AZABU LIQUIDATING TRUST ASSETS

Under the section 1.29 of the Plan, the Trust's assets were to consist of "the Excluded Assets, the Plan Note and the Lien on the Plan Note Collateral, the Purchase Price, and all proceeds therefrom."  In value, most of these assets were comprised of the "Purchase Price," which, as described above, was the $410.0 million paid by the Buyer for the stock of the reorganized Debtor, less $301.8 million paid to satisfy the undisputed portions of the Waikiki Entities' claims.  Excluded Assets were "those assets of the Debtor and AZABU USA that are retained by the Debtor and . . . excluded from the Equity Sale or the FF&E Sale, including: (i) Cash and deposit accounts (other than the Cash Reserve and any sinking fund established under the Leases); (ii) Estate Causes of Action; (iii) the Excluded Real Estate; (iv) the stock of all Other Subsidiaries; and (v) the Excluded Documents."  Plan § 1.77.

Excluded Assets consisted of $48.4 million of funds from the Lock Box; $13 million paid to the Trust by the Waikiki Entities under the "Global Settlement," entered into before the formation of the Trust; approximately $9 million of AUSA funds that were distributed to the Trust before the closing of the sale of the Debtor's equity; $5.9 million of the Debtor's cash in excess of the Cash Reserve, which the Trust received in connection with the closing of the sale of the Debtor's stock; $5 million of funds that were returned by the Japanese Trustee after the closing of the Japanese Case; $1.5 million as a result of the settlement with Hyatt and the

15

Buyer; and a parcel of real estate located near Kona, Hawaii, which the Trustee sold for $599,000.

All Trust assets are set forth more fully below:

| Description | Amount (thousands) |
|---|---|
| Initial Transfer from Debtor | $1,000 |
| Settlement Payment from CMTB | $7,500 |
| Settlement Payment from Waikiki Entities | $5,500 |
| Initial Transfer of AUSA Cash | $9,000 |
| Initial Deposit from Hyatt/Buyer | $44,500 |
| Transfer from Lock Box | $18,824 |
| Net Proceeds from Sale to Buyer | $53,654 |
| Transfer of Azabu/AUSA Cash at Closing | $4,944 |
| Release of Waikiki Entities Disputed Claims Reserve | $6,451 |
| Settlement Payment from Hyatt | $500 |
| Settlement Payment from Buyer | $850 |
| Federal Tax Refund | $185 |
| Sale of Kona Parcel | $499 |
| Miscellaneous Deposit | $595 |
| Other Miscellaneous | $320 |
| TOTAL | $154,322 |

## IV.  CLOSING OF THE TRUST

As of this date, all Trust assets have been distributed, and all Trust expenses have been paid.  The Trustee will seek an order closing the Bankruptcy Case in connection with the approval of this Final Report, and the Trust will be closed by operation of section 7.1 of the LTA.

## V.  SCHEDULES

In addition to the forgoing, the Trustee has prepared certain schedules to report information relevant to the Trust's beneficiaries.

545002v1

U.S. Bankruptcy Court - Hawaii   #05-50011   Dkt # 2069-1   Filed  12/09/10   Page 25 of 38

Attached hereto as Schedule "A" is a chart showing that all adversary proceedings and contested matters arising after the formation of the Trust have been finally adjudicated by the entry of a final order.

Attached hereto as Schedule "B" is a chart showing (a) that all claims on account of which Trust interests were distributed under the Plan have either: (i) become allowed claims; or (ii) been disallowed; and (b) each Trust beneficiary's distributions net of income, gain, loss, deduction, or credit.

Attached hereto as Schedule "C" is a summary of the Trust's income and expenses incurred in connection with the Trust's assets during the Trustee's term of service.

17

545002v1

# SCHEDULE "A"

## Contested Matters

| Docket No. of Initiating Motion | Title of Initiating Paper | Date of Final Order | Docket No. of Final Order | Title of Final Order |
|---|---|---|---|---|
| 1462 | Objection to Claim No. 19, Japan Collection Servicing Company | 2/4/2008 | 1689 | Order Sustaining Objection to Claim No. 19 (Japan Collection) |
| 1464 | Objection to Claim No. 27, C.K. (Nevada) Corporation | 1/11/2008 | 1642 | Stipulated Order to Settle Objection to Claim No. 27 (C.K. Nevada Corporation) |
| 1474 | Objection to Claim No. 12, Izanagi Capital | 2/4/2008 | 1839 | Order Sustaining Objection to Claim No. 12 (Izanagi Capital) |
| 1475 | Objection to Claim No. 28, As Try Loan Services Corporation | 2/7/2008 | 1696 | Order Approving Stipulations to Settle Objections to Claim Nos. 28 and 51 |
| 1488 | Objection to Claim No. 38, Sunrise Finance Co., Ltd. | 2/7/2008 | 1698 | Order Sustaining Objection to Claim No. 38 (Sunrise Finance Co., Ltd.) |
| 1492 | Objection to Claim No. 1, Internal Revenue Service | 2/1/2008 | 1687 | Order Sustaining Objection to Claim No. 1 (IRS) |
| 1493 | Objection to Claim No. 5, Nippon Loans, LLC | 7/31/2009 | 2040 | Azabu Liquidating Trust's Withdrawal of Objections to Claim No. 5, and Nippon Loans' Acknowledgement of Settlement Agreement |

545149v1

| Docket No. of Initiating Motion | Title of Initiating Paper | Date of Final Order | Docket No. of Final Order | Title of Final Order |
|---|---|---|---|---|
| 1494 | Objection to Claim No. 31, Wac, Inc. | 9/9/2008 | 1968 | Stipulation between Azabu Liquidating Trust and Beecher, Wac and Preh Regarding Withdrawal of Certain Pleadings |
| 1504 | Objection to Claim No. 30, Preh, Inc. | 9/9/2008 | 1968 | Stipulation between Azabu Liquidating Trust and Beecher, Wac and Preh Regarding Withdrawal of Certain Pleadings |
| 1533 | Objection to Claim No. 51, Global Asset Management Co. | 2/7/2008 | 1696 | Order Approving Stipulations to Settle Objections to Claim Nos. 28 and 51 |
| 1574 | Motion Pursuant to 11 U.S.C. Sections 105(a) and 506, Federal Rule of Bankruptcy Procedure 3012, and Beecher Plan Settlement Order to Determine Reserve With Respect to Disputed Secured Claim Asserted by Beecher, Ltd. | 9/9/2008 | 1968 | Stipulated Order Between Azabu Liquidating Trust and Beecher, WAC and Preh Regarding Withdrawal of Certain Pleadings Date of Entry |

545149v1

| Docket No. of Initiating Motion | Title of Initiating Paper | Date of Final Order | Docket No. of Final Order | Title of Final Order |
|---|---|---|---|---|
| 2014 | Objection of The Azabu Liquidating Trust to Claim No. 34 and JILQ's Japanese Case Proof of Claim | 7/24/2009 | 2039 | Azabu Liquidating Trust's Withdrawal of Objections to Claim Nos. 34, 35, 36 and 37, and GS Claimants' Acknowledgement of Settlement Agreement |
| 2016 | Objection of The Azabu Liquidating Trust to Claim 35 and MDL Seven's Japanese Case Proof of Claim | 7/24/2009 | 2039 | Azabu Liquidating Trust's Withdrawal of Objections to Claim Nos. 34, 35, 36 and 37, and GS Claimants' Acknowledgement of Settlement Agreement |
| 2017 | Objection of The Azabu Liquidating Trust to Claim No. 36 and MDL Two's Japanese Case Proof of Claim | 7/24/2009 | 2039 | Azabu Liquidating Trust's Withdrawal of Objections to Claim Nos. 34, 35, 36 and 37, and GS Claimants' Acknowledgement of Settlement Agreement |
| 2015 | Objection of The Azabu Liquidating Trust to Claim No. 37 and JTGLQ's Japanese Case Proof of Claim | 7/24/2009 | 2039 | Azabu Liquidating Trust's Withdrawal of Objections to Claim Nos. 34, 35, 36 and 37, and GS Claimants' Acknowledgement of Settlement Agreement |

545149v1

## Adversary Proceedings

| Case Number | Title | Date of Final Order | Docket No. of Final Order | Title of Final Order |
|---|---|---|---|---|
| 07-90008 | Azabu Buildings Company, Ltd. et al v. Waikiki S.F. LLC et al | 8/23/2007 | 95 | Stipulated Order to Dismiss with Prejudice Adv. Pro. No. 07-90008 |
| 07-90043 | The Azabu Liquidating Trust v. Beecher Ltd. | 9/9/2008 | 155 | Stipulation between Azabu Liquidating Trust and Beecher to Dismiss Adversary Proceeding |
| 07-90055 | The Azabu Liquidating Trust v. Tokai-Kogyo Company | 1/17/2008 | 3 | Dismissal Without Prejudice of Objections to Claims Asserted by Tokai-Kogyo Co., Ltd. and Counterclaim for Subordination under 11 U.S.C. § 509 |
| 07-90056 | Azabu Liquidating Trust v. Pacifica Co., Ltd. et al | 11/24/2008 | 102 | Stipulated Order for Dismissal of All Claims By and Between Planitiff the Azabu Liquidating Trust and Defendants Grassroots Management, Ltd. and Pacifica Co., Ltd. |
| 10-90087 | Azabu Liquidating Trust v. Hyatt Corporation, A Delaware Corp. et al | 09/28/2010 | 19 | Stipulation of Dismissal of Adversary Proceeding. |

54514901

# SCHEDULE "B"

| Claim Number | Name | Original Distribution Allocation | Incremental Impact of GS Settlement Distribution Allocation | Incremental Impact of NL Settlement Distribution Allocation | Second Distribution Allocation | Final Distribution | Total Distribution Allocation |
|---|---|---|---|---|---|---|---|
| 1 | Department of the Treasury Internal Revenue Service | - | - | - | - | - | - |
| 2 | JCS, Inc. | 121,321 | 8,010 | 4,803 | 18,501 | 8,614 | 161,249 |
| 3 | MNS, Ltd. dba ABC Discount Store 17H | - | - | - | - | - | - |
| 4 | MNS, Ltd. dba ABC Discount Store 23 | - | - | - | - | - | - |
| 5 | Nippon Loans, LLC | 7,569 | 500 | (500) | - | - | 7,569 |
| 6 | Tokyo Portfolio Investment, Ltd. | 868,218 | 57,323 | 34,371 | 132,401 | 61,643 | 1,153,955 |
| 7 | Merrill Lynch JPNDC, Inc. | 2,094,768 | 138,303 | 82,928 | 319,446 | 148,727 | 2,784,173 |
| 8 | Atrium Servicing Co. Ltd | 691,129 | 45,631 | 27,361 | 105,395 | 49,070 | 918,585 |
| 9 | Beecher Ltd. | - | - | - | - | - | - |
| 10 | Tobishima Corporation | 312,981 | 20,664 | 12,390 | 47,729 | 22,221 | 415,986 |
| 11 | Shiba Shinyo Kinko | 45,718 | 3,018 | 1,810 | 6,972 | 3,246 | 60,764 |
| 12 | Izanagi Capital | 34,244 | 2,261 | 1,356 | 5,222 | 2,431 | 45,514 |
| 13 | Yugen Kaisha Waizu Partners | 4,311,647 | 284,669 | 170,690 | 657,514 | 306,124 | 5,730,645 |
| 15 | The Chuo Mitsui Trust and Banking Corporation | - | - | - | - | - | - |
| 16 | F4P1 Investments, LLC | 8,090,065 | 534,132 | 320,271 | 1,233,713 | 574,389 | 10,752,569 |
| 17 | Sushi Fujisei, Limited | 1,838 | 121 | 73 | 280 | 131 | 2,443 |
| 18 | KY Investment Asia, Ltd (Licensed Servicer: Japan Collection Service Co., Ltd.) | 1,290,492 | 85,202 | 51,088 | 196,797 | 91,624 | 1,715,204 |
| 19 | Japan Collection Service Co., Ltd | 295,342 | 19,499 | 11,692 | 45,039 | 20,969 | 392,541 |
| 20 | Nippon Capital Partners I, LLC | 1,592,348 | 105,132 | 63,038 | 242,829 | 113,056 | 2,116,403 |
| 21 | Tokyo Metropolitan Tax Bureau | - | - | - | - | - | - |
| 22 | Star Finance Company Limited a.k.a Star Finance K.K. | 5,001,684 | 330,227 | 198,007 | 762,743 | 355,116 | 6,647,778 |
| 23 | Nippon Portfolio Partners III, LLC | 101,381 | 6,694 | 4,013 | 15,460 | 7,198 | 134,746 |
| 24 | Yugen Kaisha Waizu Partners | 1,158,668 | 76,499 | 45,870 | 176,694 | 82,265 | 1,539,995 |
| 25 | Waikiki SF Corp. | - | - | - | - | - | - |
| 26 | Waikiki First Finance Corp. | - | - | - | - | - | - |
| 27 | C.K. (Nevada) Corp. | - | - | - | - | - | - |
| 28 | As Try Loan Services Corp. | 28,536 | 1,884 | 1,130 | 4,352 | 2,026 | 37,927 |
| 29 | Sawayaka Shin'yo Kinko | 265,308 | 17,516 | 10,503 | 40,459 | 18,837 | 352,623 |
| 30 | Preh, Inc. | - | - | - | - | - | - |
| 31 | Wac, Inc. | - | - | - | - | - | - |
| 32 | Beecher Ltd. | - | - | - | - | - | - |
| 33 | TC Properties Kabushiki Kaisha FKA Tokyu Kensetsu Kabushiki Kaisha | 7,866,707 | 519,386 | 311,428 | 1,199,651 | 558,531 | 10,455,703 |
| 34 | JLQ, LLC; K.K. Minato Saiken Kaishu on behalf of JLQ, LLC | | 9,273,295 | 344,376 | 1,326,568 | 617,620 | 11,561,859 |
| 35 | MDL Seven Co, Ltd.; K.K. Minato Saiken Kaishu on behalf of MDL Seven Co., Ltd. | | 2,657,975 | 98,707 | 380,230 | 177,026 | 3,313,939 |
| 36 | MDL Two Co., Ltd.; K.K. Minato Saiken Kaishu on behalf of MDL Two Co., Ltd. | | 696,956 | 25,882 | 99,701 | 46,419 | 868,958 |
| 37 | JTGLQ Company; K.K. Minato Saiken Kaishu on behalf of JTGLQ Company | - | - | - | - | - | - |
| 38 | Sunrise Finance Co., Ltd. | - | - | - | - | - | - |
| 39 | Grassroots Management, Ltd | - | - | - | - | - | - |

U.S. Bankruptcy Court - Hawaii   #05-50011   Dkt # 2069-1   Filed  12/09/10   Page 33 of 38

**Azabu Buildings Co.**
Azabu Claim Distribution Detail
Final as of November 12, 2010

| Claim Number | Name | Original Distribution Allocation | Incremental Impact of GS Settlement Distribution Allocation | Incremental Impact of NL Settlement Distribution Allocation | Second Distribution Allocation | Final Distribution | Total Distribution Allocation |
|---|---|---|---|---|---|---|---|
| 40 | Kabaushiki Kaisya Pacifica aka Pacifica Co., Ltd. | - | - | - | - | - | - |
| 41 | Hyatt Corporation | - | - | - | - | - | - |
| 42 | The Resolution and Collection Corporation | 48,243,157 | 3,185,170 | 1,909,858 | 7,356,950 | 3,425,230 | 64,120,365 |
| 43 | JLQ, LLC | - | - | - | - | - | - |
| 44 | JTGLQ Company | - | - | - | - | - | - |
| 45 | Tokyo Metropolitan Tax Bureau | - | - | - | - | - | - |
| 46 | Kabaushiki Kaisya Pacifica aka Pacifica Co., Ltd. | - | - | - | - | - | - |
| 47 | Grassroots Management, Ltd | - | - | - | - | - | - |
| 48 | State of Hawaii''Department of Taxation | - | - | - | - | - | - |
| 49 | Tokai-Kogyo Co., Ltd | 14,305 | 944 | 566 | 2,181 | 1,016 | 19,013 |
| 50 | YSB Partners LLC | 117,192 | 7,737 | 4,639 | 17,871 | 8,321 | 155,761 |
| 51 | Global Asset Management Co., Ltd. | 34,770 | 2,296 | 1,376 | 5,302 | 2,469 | 46,213 |
| 52 | YSB Partners LLC | - | - | - | - | - | - |
| | Total | $ 82,589,387 | $ 18,081,046 | $ 3,737,727 | $ 14,400,000 | $ 6,704,317 | $ 125,512,477 |

U.S. Bankruptcy Court - Hawaii   #05-50011   Dkt # 2069-1   Filed  12/09/10   Page 34 of 38

**Azabu Buildings Co.**

Azabu Claim Resolution

| Claim Number | Name | Resolution |
|---|---|---|
| 1 | Department of the Treasury Internal Revenue Service | Disallowed |
| 2 | JCS, Inc. | Allowed |
| 3 | MNS, Ltd. dba ABC Discount Store 17H | Withdrawn |
| 4 | MNS, Ltd. dba ABC Discount Store 23 | Withdrawn |
| 5 | Nippon Loans, LLC | Settlement dated 7/24/09: Fixed payment of $2,600,000 |
| 6 | Tokyo Portfolio Investment, Ltd. | Allowed |
| 7 | Merrill Lynch JPNDC, Inc. | Allowed |
| 8 | Atrium Servicing Co. Ltd | Allowed |
| 9 | Beecher Ltd. | Settlement dated 8/21/08: Fixed payment of $10,000,000 |
| 10 | Tobishima Corporation | Allowed |
| 11 | Shiba Shinyo Kinko | Allowed |
| 12 | Izanagi Capital | Allowed |
| 13 | Yugen Kaisha Waizu Partners | Allowed |
| 15 | The Chuo Mitsui Trust and Banking Corporation | Assigned to the estate - Docket No. 1379 |
| 16 | F4P1 Investments, LLC | Allowed |
| 17 | Sushi Fujisei, Limited | Allowed |
| 18 | KY Investment Asia, Ltd (Licensed Servicer: Japan Collection Service Co., Ltd.) | Allowed |
| 19 | Japan Collection Service Co., Ltd | Allowed |
| 20 | Nippon Capital Partners I, LLC | Allowed |
| 21 | Tokyo Metropolitan Tax Bureau | Satisfied in Japanese Case |
| 22 | Star Finance Company Limited a.k.a Star Finance K.K. | Allowed |
| 23 | Nippon Portfolio Partners III, LLC | Allowed |
| 24 | Yugen Kaisha Waizu Partners | Allowed |
| 25 | Waikiki SF Corp. | Satisfied from Sale Proceeds |
| 26 | Waikiki First Finance Corp. | Satisfied from Sale Proceeds |
| 27 | C.K. (Nevada) Corp. | Administrative claim satisfied - Docket Nos. 1642 & 1852 |
| 28 | As Try Loan Services Corp. | Allowed |
| 29 | Sawayaka Shin'yo Kinko | Allowed |
| 30 | Preh, Inc. | Settled - see claim 9 |
| 31 | Wac, Inc. | Settled - see claim 9 |
| 32 | Beecher Ltd. | Settled - see claim 9 |
| 33 | TC Properties Kabushiki Kaisha FKA Tokyu Kensetsu Kabushiki Kaisha | Allowed |

| 34 | JLQ, LLC; K.K. Minato Saiken Kaishu on behalf of JLQ, LLC | Allowed |
|----|----|----|
| 35 | MDL Seven Co, Ltd.; K.K. Minato Saiken Kaishu on behalf of MDL Seven Co., Ltd. | Allowed |
| 36 | MDL Two Co., Ltd.; K.K. Minato Saiken Kaishu on behalf of MDL Two-Co., Ltd. | Allowed |
| 37 | JTGLQ Company; K.K. Minato Saiken Kaishu on behalf of JTGLQ Company | Allowed |
| 38 | Sunrise Finance Co., Ltd. | Disallowed |
| 39 | Grassroots Management, Ltd | Settlement dated 10/3/08: Fixed payment of $3,250,000 |
| 40 | Kabaushiki Kaisya Pacifica aka Pacifica Co., Ltd. | Settled - see claim 39 |
| 41 | Hyatt Corporation | Resolved in Adv. Proc. 10-90087 |
| 42 | The Resolution and Collection Corporation | Allowed |
| 43 | JLQ, LLC | Allowed |
| 44 | JTGLQ Company | Allowed |
| 45 | Tokyo Metropolitan Tax Bureau | Satisfied in Japanese Case |
| 46 | Kabaushiki Kaisya Pacifica aka Pacifica Co., Ltd. | Settled - see claim 39 |
| 47 | Grassroots Management, Ltd | Settled - see claim 39 |
| 48 | State of Hawaii' Department of Taxation | Withdrawn |
| 49 | Tokai-Kogyo Co., Ltd | Allowed |
| 50 | YSB Partners LLC | Allowed |
| 51 | Global Asset Management Co., Ltd. | Allowed |
| 52 | YSB Partners LLC | See claim 50 |

# SCHEDULE "C"

**Azabu Buildings Co.**
Summary Schedule of Azabu Liquidating Trust Administrative Expenses and Unpaid Administrative / Priority Expenses and Interest Income for CH 11 Debtors' Proceedings
As of November 12, 2010

| Azabu Trust Income / Expenses | | 2007 | | 2008 | | 2009 | | 2010 | | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | |
| Interest Income | $ | 401,930 | $ | 1,278,844 | $ | 57,927 | $ | 4,455 | $ | 1,743,156 |
| **Expenses** | | | | | | | | | | |
| Trust Admin / CH 11 Admin Unpaid | | (1,344,739) | | (11,290,331) | | (1,279,505) | | (788,288) | | (14,702,863) |
| **Total** | $ | **(942,809)** | $ | **(10,011,487)** | $ | **(1,221,578)** | $ | **(783,832)** | $ | **(12,959,706)** |

U.S. Bankruptcy Court - Hawaii   #05-50011   Dkt # 2069-1   Filed  12/09/10   Page 38 of 38